Harper *et al.* v. The Mayor and Council of Jonesboro.

It appearing from the plaintiffs' petition, fairly and properly construed, that prior to the time when one of them obtained from the municipal authorities of Jonesboro a "permit" to tear down an existing wooden building and erect in its place another such building, there had been established in the town certain "fire limits" within which if any wooden building could be lawfully erected at all, the same could not be done without a permit, and it further appearing that this plaintiff failed to comply with certain material terms expressed in the permit granted to him, and such compliance being a condition essential to its validity, and no sufficient reason for his failure to comply being alleged, the revocation of the permit and refusal by the municipal authorities to allow the erection of the new building after the old one had been torn down, afforded no cause of action against the corporation, even if it could, otherwise, be held liable.

December 21, 1894.                                    v 94-51

Action for damages.   Before Judge RICHARD H.
CLARK.   Clayton superior court.   March term, 1894.

DOYAL & DOYAL, WATTERSON & KIMSEY and W. M.
WRIGHT, for plaintiffs.   DORSEY, BREWSTER & HOWELL and
HUTCHESON & KEY, for defendant.

ATKINSON, Justice.

Harper applied to the town authorities of Jonesboro
for permission to replace an old building with a new
one.   It appears that the old building was of wood, and
he desired to construct the new one of like material.
Long previous to this there had been adopted an ordi-
nance fixing certain limits within the town of Jones-
boro, within which parties would not be authorized to
construct frame buildings.   It seems that the mayor
and council in session adopted a resolution authorizing
the petitioner to repair, or take down and rebuild, his
old wooden building, upon condition that he or those
holding under him should not place any obstruction on
the sidewalk, nor any floor nor covering which required
posts should be placed there, but that he might place
one similar to that in front of the adjoining building;
but before this permit should go into affect, he should
subscribe and agree to this condition.   It appears that,
though he stated to the clerk of the council that he
agreed to the condition, he at no time subscribed thereto.
Afterwards the mayor and council revoked the permit
and refused to allow him to construct his building.   He
brings suit for damages.

The power to regulate the construction of buildings
within its limits and to prescribe the material out of
which buildings within certain limits can be constructed,
is one necessary to be exercised by municipal corpora-
tions.   It is essential to the safety of person and prop-
erty in towns and cities, that there reside somewhere a
power so to regulate the construction of buildings as

that one person by the use of improper or combustible material may not endanger the property of an adjacent proprietor. The exercise of this power by the passage of an ordinance establishing fire limits imposes obligations which are equally binding upon all the citizens of the municipality, and likewise upon the council itself. The passage of an ordinance is a legislative act, accompanied with a certain degree of formality, and, unless in the ordinance itself there be some provision by which the city authorities reserve the right to abrogate its terms by a less formal method of procedure, no change can be made in such an ordinance except by the passage of another, qualifying, repealing or modifying its terms. See Lawyers' Reports Annotated, book 18, page 590.

There is no suggestion in this petition, that any ordinance was passed by the council modifying the ordinance in question in favor of this plaintiff. It is not so alleged in the petition, but the plaintiff himself, recognizing the binding force of the ordinance, filed a petition requesting permission from the mayor and council to violate this ordinance. The mayor and council, upon simple resolution it appears, unaccompanied with any of the formalities incident to the enactment of town ordinances, granted this petition, imposing upon the applicant certain conditions before even this permission could be made effective. It does not appear that these conditions were complied with by him. Indeed, the contrary appears from the averments of the petition. If this plaintiff assumed to act upon the informal authority granted by the mayor and council, he himself not complying with the conditions upon which the alleged permission was granted, and thereupon tore down his old building, he cannot complain if the mayor and council declined to permit him to rebuild. They cannot waive the binding force of a valid town ordinance, and are not estopped to insist upon its enforcement

whenever the public interest may seem to require it. We think, therefore, the court did not err in sustaining the demurrer to the plaintiff's declaration.    Let the judgment of the court below be                    *Affirmed.*