## 46025. TEMPO MANAGEMENT, INC. v. DeKALB COUNTY, GEORGIA.
(373 SE2d 622)

GREGORY, Justice.

Tempo Management, Inc. (Tempo) appeals from a conviction in the Recorders Court of DeKalb County for violating the DeKalb County fire code. At trial Tempo alleged certain portions of the fire code are unconstitutional. This appeal is from the trial court's ruling that the code sections challenged are not unconstitutional for the reasons alleged.

1. DeKalb County Ordinance § 4-3001 et seq. adopts the 1982 edition of the Fire Prevention Code of the National Fire Protection Association (NFPA). The DeKalb County fire code provides that "All referenced NFPA codes shall be the latest editions. . . ." Tempo argues this is an unconstitutional delegation of legislative authority to the NFPA under 1983 Georgia Constitution, Art. III, Sec. I, Par. I, because it permits the NFPA to enact new regulations which will automatically become part of the DeKalb County Code. See *Johnston v. State*, 227 Ga. 387 (181 SE2d 42) (1971) and *Featherstone v. Norman*, 170 Ga. 370 (4) (153 SE 58) (1930).

We find it unnecessary to reach the merits of this claim because we hold that Tempo lacks standing to raise this issue. It is not disputed that the "edition" of the NFPA regulations currently in effect is the one which was originally adopted by the DeKalb County Commission in 1982. Thus, there are no "latest editions" which could, arguably, amount to an unconstitutional delegation of legislative authority. "One not adversely affected by a law will not be allowed to challenge its constitutionality in court." *Clark's Valdosta, Inc., v. City of Valdosta*, 224 Ga. 331, 332 (161 SE2d 867) (1968).

2. Tempo argues that the NFPA code provides no guidelines as to the definition of a fire hazard, but rather § 1-2.1 of the NFPA, in violation of due process, places unbridled discretion in the Fire Marshal to determine what constitutes a fire hazard.

Section 1-2.1 of the NFPA code provides in pertinent part,

> The provisions of this Code shall apply equally to existing as well as new buildings. . . .except that existing buildings. . . .and conditions not in compliance with this Code may be permitted to continue *unless in the opinion of the Fire Marshal they constitute a fire hazard to life or property*. [Emphasis supplied.]

The term "fire hazard" is defined by the NFPA code as

> any situation, process material or condition which, *on the basis of applicable data*, may cause a fire or explosion or pro-

vide a ready fuel supply to augment the spread or intensity of the fire or explosion and which poses a threat to life or property. [Emphasis supplied.]

Tempo contends that under this definition the Fire Marshal has the discretion to conclude that almost any building is a "fire hazard." We do not agree.

The NFPA code makes allowances for existing buildings which may not meet all the standards required by the NFPA of new buildings by providing that noncomplying conditions may continue unless in the opinion of the Fire Marshal they constitute a "fire hazard." § 1-2.1. However, under § 2-1, the Fire Marshal may make a determination that a condition constitutes a fire hazard only upon "the basis of applicable data." Thus, the decision of the Fire Marshal must be based on objective criteria. Tempo has failed to show that such "applicable data" does not exist in codes, statutes, ordinances or in general scientific principles. Absent such a showing we are unable to say that the code section violates due process on the ground raised.

3. Last, Tempo argues that OCGA § 25-2-13 (b) (1) (B) has preempted the DeKalb County fire ordinance with regard to three story buildings[1] by enacting minimum fire safety standards. However, OCGA § 25-2-13 (b) (4), Ga. Laws 1984, pp. 1160, 1176 provides

Nothing in this subsection shall be construed as exempting any building, structure, facility, or premises from ordinances enacted by any municipal governing authority in any incorporated area or any county governing authority in any unincorporated area, except to the extent stated in paragraph (3) of this subsection relative to landmark museum buildings or historic buildings or structures.

As there is no contention that the buildings in question are landmark museum buildings or historic buildings, Tempo's preemption argument must fail.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 1988.

*Morris, Manning & Martin, Richard P. Reinhart, Ann K. Moceyunas,* for appellant.

---

[1] At trial Tempo argued the buildings in question are three stories in height. The county maintains they are two stories. The trial court did not make a finding in this regard.

*Baxter P. Jones, Lisa Foster,* for appellee.