S91A1106. STEELE et al. v. HONEA et al.
(409 SE2d 652)

WELTNER, Justice.

Petitions under the Recall Act of 1989 (OCGA § 21-4-1 et seq.) were filed against two county commissioners on the grounds that they had "committed an act or acts of malfeasance while in office," and had "committed an act of misconduct in office."[1] Specifically, the petitions alleged:

[The commissioners] participated in meetings of the Henry County Board of Commissioners on August 10, September 15, November 5, November 19 and November 20, 1990 at which there were discussion and actions taken regarding the creation of a Henry County Police Department. These meetings were closed to the public in violation of Chapter 14 of Title 50 of [OCGA] requiring open and public meetings.

The commissioners filed a complaint in superior court seeking review of the sufficiency of the recall applications under OCGA § 21-4-6. The trial court issued an order preventing the election commission from issuing recall petitions until a hearing could be held. Following the hearing, the court granted the commissioners' request for a permanent injunction based upon its determination that the petitions were insufficient under the provisions of the Recall Act.

We granted discretionary review of the trial court's orders pursuant to OCGA § 21-4-6 (e), and asked that the parties address this question:

Whether a claimed violation of the Open Meetings Act is a ground for recall of a public officer under the 1989 Recall Act (OCGA § 21-4-3 (7)).

We will discuss first this general inquiry, and then turn to the circumstances of the case under review.

1. (a) The Recall Act, at OCGA § 21-4-3 (7), provides:

"Grounds for recall" means:

---

[1] These are two of the "grounds for recall" set out at OCGA § 21-4-3 (7). See Division 1 (a), below.

(A) That the official has, while holding public office, conducted himself or herself in a manner which relates to and adversely affects the administration of his or her office and adversely affects the rights and interests of the public; and

(B) That the official:

(i) Has committed an act or acts of malfeasance while in office;

(ii) Has violated his or her oath of office;

(iii) Has committed an act of misconduct in office;

(iv) Is guilty of a failure to perform duties prescribed by law; or

(v) Has willfully misused, converted, or misappropriated, without authority, public property or public funds entrusted to or associated with the elective office to which the official has been elected or appointed.

(b) The Open Meetings Act (OCGA § 50-14-1) requires that every meeting[2] of the county commission be open to the public, except where there is an express statutory exception. Any exception must be construed strictly.[3]

2. (a) The closing of a meeting that is required by the Open Meetings Act to be open is a violation of the Open Meetings Act.[4]

(b) The conduct of a public official who participates in a closed meeting that is required by law to be open can become a "ground for recall" under the Recall Act if the circumstances of that participation come within the definition of "grounds for recall," as set out in Divi-

---

[2] (a) (2) "Meeting" means the gathering of a quorum of the members of the governing body of an agency or of any committee of its members created by such governing body, . . . at which official business or policy of the agency is to be discussed or at which official action is to be taken or, in the case of a committee, recommendations on official business or policy to the governing body are to be formulated or discussed.

(b) Except as otherwise provided by law, all meetings as defined in subsection (a) of this Code section shall be open to the public. [Id.]

[3] In *The Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987), we stated: We note that the [Open Meetings] Act was enacted in the public interest to protect the public — both individuals and the public generally — from "closed door" politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes.

[4] This proposition is obvious to the extent of stating a truism.

sion 1 (a), above. Hence, our initial inquiry is answered in the affirmative.

3. (a) Turning to the factual circumstances of this case, the provisions of the Recall Act in effect at the time of the superior court's ruling (former OCGA § 21-4-6 (d)) provided:

> The judge shall schedule an evidentiary hearing on an expedited basis. . . . At the hearing, the petition chairperson shall bear the burden of demonstrating by a preponderance of the evidence that the ground or grounds upon which the application for a recall petition and the fact or facts upon which the ground or grounds are based, as set forth in the application for a recall petition, are legally sufficient under this chapter. [Ga. L. 1990, p. 1942 (d).][5]

(b) Bearing in mind the evidentiary requirements of the Recall Act then in force, we are unable to say that the trial court's findings of fact were clearly erroneous, and the judgment must be affirmed. OCGA § 9-11-52 (a).

*Judgment affirmed. All the Justices concur.*

FLETCHER, Justice, concurring.

I agree with the majority that the conduct of a public official who participates in a meeting which has been closed in violation of the Open Meetings Act can become a ground for recall under the Recall Act of 1989 (the "Act").[6]

I write separately to express my concerns with provisions of the Act, as amended on April 10, 1991 and subsequent to the superior court review involved in the present case, which declare that the superior court's review shall not be for a determination "as to the truth" of the facts alleged in the application, but "only for the determination of the legal sufficiency of such alleged fact or facts as to

---

[5] In 1991, the Act was amended, and provision (d) became provision (f), which was identical to the 1989 form of provision (d), as follows:

(f) Such review shall be limited solely to a review of the legal sufficiency of the recall ground or grounds and the legal sufficiency of the alleged fact or facts upon which such ground or grounds are based as set forth in such recall application; and the review of such alleged fact or facts shall be only for the determination of the legal sufficiency of such alleged fact or facts as to form and not as to truth and shall not include discovery or evidentiary hearings. [Ga. L. 1989, p. 1731 (d); Ga. L. 1991, p. 613 (f).]

[6] It is not entirely clear to me what the Act means by "legal sufficiency" as that term is applied to the review proceeding which the officer sought to be recalled can avail himself of in the superior court following submission of an application for recall petition to the election superintendent. The portion of the Act which defines legal sufficiency appears only to define the term as it applies to the review of the application to be conducted by the election superintendent.

form . . . and shall not include . . . evidentiary hearings.'"[7] Accordingly, the truth of the facts alleged in an application for a recall petition will not be reviewed by any court.[8]

I hope that the majority's decision in Division 2 (b) will discourage neither persons who currently serve as local public officials nor persons who are considering entering public service. Rather, I trust that the decision will be accepted as clear direction from this court to public officials and their attorneys. The practical side of the majority decision is to point out that if there is the slightest doubt, or any question whatsoever, as to whether a matter can be the subject of a closed meeting, DO NOT CLOSE. To err in favor of openness will not result in the imposition of penalties on public officials, however, to err otherwise may well result in such penalties. It is also my hope that, from this concurrence, others will come to recognize and share my concern with the extremely limited nature of the judicial review afforded by the 1991 amendment to the Act.

DECIDED NOVEMBER 1, 1991.

Remar & Graettinger, John S. Graettinger, Jr., Susan M. Garrett, Jenny E. Jensen, for appellants.

Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., for appellees.

James F. Grubiak, Oliver Hunter, amici curiae.

---

[7] I note that the 1991 amendment to the Act basically returns OCGA § 21-4-6 of the Act to the language and procedure contained in that portion of the Act when it was originally enacted in 1989. The only difference between that section of the Act as originally enacted and as amended in 1991 are the provisions as to the way in which a judge is to be selected for the superior court's review of the application.

[8] An exception might be a criminal action filed against the petition circulator or petition chairperson (see OCGA § 21-4-5 (b) (1) (ii)). However, if such a criminal proceeding were to occur, in all likelihood it would not occur until long after the recall election had been held. How then can a determination ever be made as to the wilfulness which the Act declares to be a necessary element of "misconduct in office?" OCGA § 21-4-3 (8). Are we not allowing form to prevail over substance and fact?