S92A0227. HAMLETT v. HUBBARD.
(416 SE2d 732)
WELTNER, Presiding Justice.

A petition under the Recall Act of 1989 as amended (OCGA § 21-4-1 et seq.) was filed against a county school board member.

*Factual background*

The trial court reviewed the sufficiency of the petition as provided in OCGA § 21-4-6, as amended, and held that the allegations of the petition were "insufficient to justify the holding of a recall election." We granted discretionary review.

*Pleading requirement*

1. OCGA § 21-4-6 (f), as amended, provides for judicial review:

Such review shall be limited solely to a review of the legal sufficiency of the recall ground or grounds and the legal sufficiency of the alleged fact or facts upon which such ground or grounds are based as set forth in such recall application; and the review of such alleged fact or facts shall be only for the determination of the legal sufficiency of such alleged fact or facts as to form and not as to truth and shall not include discovery or evidentiary hearings.[1]

2. OCGA § 21-4-5 (b) (1) (D) requires that an application for a recall petition contain "a brief statement of the fact or facts upon which the ground or grounds are based." The standard for determining the statutory term "legal sufficiency" is whether the factual allegations state with reasonable particularity a ground for recall.

---

[1] In a concurrence in *Steele v. Honea,* 261 Ga. 644 (409 SE2d 652) (1991), Justice Fletcher observed:

I write separately to express my concerns with provisions of the Act, as amended on April 10, 1991, and subsequent to the superior court review involved in the present case, which declare that the superior court's review shall not be for a determination "as to the truth" of the facts alleged in the application, but "only for the determination of the legal sufficiency of such alleged fact or facts as to form . . . and shall not include . . . evidentiary hearings." Accordingly, the truth of the facts alleged in an application for a recall petition will not be reviewed by any court. [Id. at 646-647.]

*Analysis of petition*

3. The application contained five alleged "fact or facts upon which the ground or grounds are based,"[2] contending that the school board member:

(a) has violated State and County School Board policy;
(b) has violated the Georgia Open and Public Meetings law;
(c) has violated the terms of a 1973 Federal Court order on desegregation;
(d) has failed to prevent students from out-of-county or from out-of-district from illegally attending county schools; and,
(e) has failed to pursue policies which would allow Meriwether County to take advantage of $6.5 million dollars in State funds.

4. (a) The first allegation charges a violation of school board policy. It does not identify the policy, or any act or omission that might violate any policy.

(b) The second allegation charges a violation of the Open Meetings Act. It does not identify any meeting of the school board that was closed to the public and at which public business (not exempt by the express terms of the Open Meetings Act) was discussed.

(c) The third allegation charges a violation of a court order. There is no specific identification of any aspect of the order, or of any transgression.

(d) Allegation (e) falls somewhat closer to the mark of adequate pleading. However, its elements remain unclear in that it speaks only of a failure "to pursue policies which would allow Meriwether County to take advantage of $6.5 million dollars in State funds." The policies not "pursued" are unidentified; nor is there pleaded any likely result of an adequate "pursuit" of any policy; nor does the allegation identify the purposes for which the alleged "State funds" have been allocated; nor how much of those funds might have been devoted to the benefit of Meriwether County; nor to what end.

5. (a) The allegations (a) through (c) are nothing more than conclusions.[3] They fail to set out "the alleged fact or facts upon which such ground or grounds are based" (OCGA § 21-4-6 (f)). Allegation (e), also, is inadequate.

---

[2] In this case, *all* of the five statutory grounds of OCGA § 21-4-3 (7) (B) were alleged as having been violated by the school board member.

[3] As stated in *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987):
Examples of conclusions are concepts of negligence, fraud, reasonableness and the like. Stated differently, a *conclusion* is an assessment of *fact* — which fact exists, with or without any such an assessment. [Id. at 853.]

(b) The trial court correctly interpreted the grounds (a) through (c), and ground (e), as insufficient.

6. Allegation (d), however, states with adequate particularity acts or omissions that may constitute grounds for recall, in that it is specific enough — in the context of the controversy — to inform the public and the school board member of the substance of the complaint. While it may not qualify as "perfect" pleading, our law requires no such perfection.

7. (a) Allegations (a) through (c) and (e) of the petition for recall must be expunged or obliterated from the petition in the form in which it is submitted to the people.

(b) Allegation (d) is sufficient[4] to require the holding of a recall election.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur, except Clarke, C. J., who dissents.*

CLARKE, Chief Justice, dissenting.

I respectfully dissent.

I would not hold that any of the allegations in this petition are sufficiently specific to satisfy the requirements of the statute. Under the statute, a petition for recall does more than set the stage for proceedings which can be narrowed by an official answer, discovery, motions, etc. The petition raises the curtain and begins a drama which has the potential for benefit or disaster to the public interest. The official sought to be recalled should not be forced to answer overbroad allegations nor should the public be faced with deciding its interest based on such allegations.

I would hold that a bare allegation of certain laws and policies without statements of the time, place and manner of the violations falls short of that which the law requires. This would not just give additional protection to the officeholder, it would protect the public against vague attacks which result in governmental instability.

DECIDED MAY 28, 1992 —
RECONSIDERATION DENIED JUNE 25, 1992.

*Walker, Hulbert, Gray & Byrd, Charles W. Byrd, Key & Kirby,*

---

[4] OCGA § 21-4-4 (c) provides:
Every public official who holds elective office, either by election or by appointment, is subject to recall on the grounds that such public official has, while holding any public office, conducted himself or herself in a manner which relates to and adversely affects the administration of his or her current office and adversely affects the rights and interests of the public if one or more additional grounds for recall exist as set forth in subparagraph (B) of paragraph (7) of Code Section 21-4-3.

*L. Jack Kirby,* for appellant.
     *Walbert & Hermann, David F. Walbert, Jerry W. Loftin,* for appellee.