S92A1093. BROOKS et al. v. BRANCH et al.

(424 SE2d 277)

SEARS-COLLINS, Justice.

The appellants sponsored applications for petitions for the recall of five Lowndes County School Board members (the appellees), under the Recall Act of 1989, as amended in 1991 (OCGA § 21-4-1 et seq.) (the "Recall Act"). Each of the applications alleged the following statutory grounds for recall:

That the official . . . [h]as committed an act or acts of malfeasance while in office; . . . [h]as violated his or her oath of office; . . . [h]as committed an act of misconduct in office; [and] [i]s guilty of a failure to perform duties prescribed by law[.] [OCGA § 21-4-3 (7) (B) (i)-(iv).]

As factual support for the grounds asserted, the appellants alleged

that the board members

(a) [failed] to give due notice to the public, and the local organ of the county, of school board meetings in violation of [OCGA §] 50-14-1 (a) (2) (d) [the "Open Meetings Act"];

(b) [allowed] another board member to cast his vote by letter while not in attendance at a regularly scheduled board meeting;

(c) [failed] to allow concerned citizens and students to address the school board in violation of general board policy, and specifically, the Public Participation provision of board policy adopted February 8, 1983; and

(d) [willfully violated] the Fair Dismissal Act as set out in [OCGA §] 20-2-940, et seq. as it pertains to the dismissal of Rick Tomberlin.

The legal sufficiency of the applications was certified by the Lowndes County Board of Elections, OCGA § 21-4-5, and the appellees sought and obtained review in Lowndes County Superior Court, OCGA § 21-4-6. The superior court found the grounds for recall set forth in the application insufficient, and enjoined the Lowndes County elections superintendent from issuing recall petitions to the appellants. We affirm the superior court's decision.

1. OCGA § 21-4-6 (f) ("subsection (f)") sets forth the procedure for review of a recall application by a superior court:[1]

Such review shall be limited solely to a review of the legal sufficiency of the recall *ground or grounds* and the legal sufficiency of the alleged *fact or facts upon which such ground or grounds are based* as set forth in such recall application; and the review of such alleged fact or facts shall be only for the determination of the legal sufficiency of such alleged fact or facts as to form and not as to truth and shall not include discovery or evidentiary hearings. [Emphasis supplied.]

2. If one or more of the statutory grounds for recall set forth in OCGA § 21-4-3 (7) (B) are alleged in the recall application, then the *ground or grounds* for recall are legally sufficient. To determine if the "*fact or facts upon which such ground or grounds are based*" are legally sufficient, a court should consider the following: 1) assuming the

---

[1] Subsection (f) was added when the Recall Act was amended in 1991. Before that amendment, a superior court reviewing the legal sufficiency of a recall application was required to hold an evidentiary hearing (former OCGA § 21-4-6 (d)).

fact or facts to be true, whether they allege misconduct which constitutes a legally sufficient ground for recall according to the statutory definition of that term; 2) if so, whether the fact or facts are stated with "reasonable particularity," *Hamlett v. Hubbard*, 262 Ga. 279 (416 SE2d 732) (1992).

3. In this case, the appellants have asserted in their applications four out of the five statutory grounds for recall contained in OCGA § 21-4-3 (7) (B). Therefore, the "ground or grounds" are legally sufficient.

4. We will now apply the above test to the facts alleged in support of those grounds. With respect to allegations (a)[2] and (c), even if we assume that the alleged conduct would constitute one of the statutory grounds for recall, the facts are not stated with reasonable particularity in that the application does not identify any school board meeting of which public notice was not given, or at which the board refused to hear "concerned citizens and students." Allegation (b) not only fails to identify a specific meeting, but also fails to state, and it is not otherwise apparent from the record, why allowing a vote to be cast by proxy is misconduct constituting a statutory ground for recall, even assuming the fact to be true. In allegation (d), there are no facts indicating what conduct by the board is alleged to have violated the Fair Dismissal Act with respect to the dismissal of Rick Tomberlin.

Each of the factual allegations made by the appellants in support of the grounds for recall is either a mere conclusion, see *Hamlett*, 262 Ga. at 280, lacking reasonable particularity, or fails to allege conduct which would constitute one of the statutory grounds for recall. Therefore, the facts alleged in support of grounds for recall asserted are insufficient.

5. The appellants also contend that OCGA § 21-4-6 (f) denies both sides of a recall controversy the opportunity to present factual information necessary to the trial court's decision-making, in violation of constitutional due process guarantees. However, since the trial court did not address or rule on this question, it is not subject to our review.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Hunstein, JJ., concur.*

---

[2] We considered alleged violations of the Open Meetings Act as grounds for recall in *Steele v. Honea*, 261 Ga. 644 (409 SE2d 652) (1991), and in *Hamlett v. Hubbard*, 262 Ga., supra. In *Steele*, we held that such a violation "can become" a ground for recall "if the circumstances of [the] participation [by the challenged official in the violation] come within the definition of 'grounds for recall,'" contained in § 21-4-3 (7). *Steele*, 261 Ga. at 645. In both those cases, however, we found that the facts alleged were insufficient to support the allegation.

DECIDED JANUARY 8, 1993.

*William R. Folsom,* for appellants.
*Dodd & Turner, L. Warren Turner, Jr.,* for appellees.