S93A0604. C. W. MATTHEWS CONTRACTING COMPANY, INC.
v. GOVER et al.
(428 SE2d 796)

CLARKE, Chief Justice.

Appellee Linda Gover was injured when the vehicle she was driving collided with another vehicle in the vicinity of appellant's construction site. As the result of the collision, Gover, then seven-months pregnant, underwent an emergency cesarean operation and gave birth to appellee, Trent Gover, who suffers from brain damage. Appellees filed suit against appellant and the driver of the other vehicle, alleging, in part, that the negligence of appellant's employees in attempting to direct traffic around the construction site resulted in the collision which caused their injuries. The parties have stipulated that Linda Gover was not wearing a seat belt at the time of the collision.

Following discovery, appellees moved for partial summary judgment, maintaining that evidence that Linda Gover was not wearing a seat belt is inadmissible under OCGA § 40-8-76.1 (d). Appellant filed a cross-motion for summary judgment alleging that OCGA § 40-8-76.1 (b) and (d) are unconstitutional; in the alternative, appellant argued that the Code section does not operate to preclude, as a matter of fact, evidence that Gover's failure to wear her seat belt was the sole proximate cause of her injuries and the injuries to her child.

In a comprehensive order, the trial court concluded that OCGA § 40-8-76.1 withstands the constitutional challenges raised here, and prohibits admission of evidence that Gover was not wearing a seat belt. The trial court therefore granted Gover's motion for partial summary judgment and denied that of appellant. This appeal followed. We affirm.

1. The appellant first argues that the trial court erred in failing to consider evidence which, it maintains, would show that the sole proximate cause of appellees' injuries was the failure of Linda Gover to wear her seat belt. However, the issues before the trial court on motion for partial summary judgment — the construction and constitutionality of OCGA § 40-8-76.1 — were issues of law to which the evidence in question was unnecessary for a determination.

2. The appellant argues that OCGA § 40-8-76.1 (b) and (d) are unconstitutional on numerous grounds under the Georgia and United States Constitutions.

OCGA § 40-8-76.1 (b) provides, in part, that "[e]ach occupant of a passenger vehicle shall, while such passenger vehicle is being operated on a public road . . ., be restrained by a seat safety belt. . . ."

Subsection (d) provides that

Failure to wear a seat safety belt in violation of this Code
section shall not be considered evidence of negligence, shall

not be considered by the court on any question of liability of any person, corporation, or insurer, shall not be any basis for cancellation of coverage or increase in insurance rates, and shall not diminish any recovery for damages arising out of the ownership, maintenance, occupancy, or operation of a passenger vehicle.

(a) Appellant maintains that subsection (d) of the statute is arbitrary and denies him due process of law because it permits appellees to introduce evidence relating to proximate cause while preventing appellant from offering evidence that Linda Gover's failure to wear a seat belt was the proximate cause of her injuries.

A statute satisfies the requirements of due process if it is reasonably related to a proper legislative purpose and is neither arbitrary nor discriminatory. *Quiller v. Bowman,* 262 Ga. 769 (425 SE2d 641) (1993); *State v. Major,* 243 Ga. 255, 257 (253 SE2d 724) (1979).

By enacting OCGA § 40-8-76.1, the legislature established the public policy that automobile travellers ought to wear seat belts. It then proceeded to encourage compliance with this policy by imposing a penalty for failure to comply. OCGA § 40-8-76.1 (e).[1] However, the legislature chose to strictly limit that penalty. It limited the imposition of the penalty to cases in which there are additional vehicular violations. OCGA § 40-8-76.1 (e) (2).[2] It further limited the penalty to a de minimus fine of $15. Id. Plainly, encouraging the use of seat belts is a rational exercise of legislative power. We do not believe that imposing limitations upon the means of such encouragement is irrational. We conclude, therefore, that acting in a rational and nondiscriminatory manner, the legislature set the state's public policy, but weighed the positive benefits of the policy against the severity of the penalty for non-compliance. This it has a right to do.

---

[1] Subsection (e) (1) provides that
[e]xcept as otherwise provided in paragraph (2) of this subsection, a person failing to comply with the requirements of subsection (b) of this Code section shall not be guilty of any criminal act and shall not be guilty of violating any ordinance and shall not be issued a citation for violation of any provision of this title or any ordinance enacted pursuant thereto. Such person shall be warned that the failure to use a seat safety belt is dangerous to the person's safety and such person shall be encouraged to comply with the provisions of this Code section.
[2] Subsection (e) (2) provides that
[a] person failing to comply with the requirements of subsection (b) of this Code section who is also charged with violating Code Section 40-6-181, Code Section 40-6-186, Code Section 40-6-271, Code Section 40-6-390, Code Section 40-6-391, Code Section 40-6-393, Code Section 40-6-394, or Code Section 40-6-395 shall be guilty of the offense of failure to wear a seat safety belt and, upon conviction thereof, may be fined not more than $15.00. The court imposing such fine shall not forward a record of the disposition of the case of failure to wear a seat safety belt to the Department of Public Safety.

We further agree with the trial court that the legislature may ensure that those who cause vehicular collisions are not permitted to escape liability by raising the defense that the injured party was not wearing a seat belt.

We therefore hold that OCGA § 40-8-76.1 does not violate due process for any of the reasons alleged by appellant.

(b) Appellant also argues that to allow appellees to introduce proof of their claims of negligence, but to deny it the opportunity to introduce proof that Gover was negligent in not wearing her seat belt denies him equal protection of the laws under Ga. Const., Art. I, Sec. I, Par. II. However, we find that the classification suggested by appellant is reasonable, is related to a legitimate state interest, and treats all similarly situated persons equally, as it prohibits anyone from offering, as evidence of negligence, the fact that a party failed to wear a seat belt. *Allrid v. Emory Univ.*, 249 Ga. 35, 38 (285 SE2d 521) (1982).

Appellant lacks standing to challenge the statute on the ground that it applies to front seat passengers, but not to back seat passengers. *Lott Investment Corp. v. Gerbing*, 242 Ga. 90, 92 (249 SE2d 561) (1978).

(c) The statute does not deprive appellant of its "right of access" to the courts in violation of 1983 Ga. Const., Art. I, Sec. I, Par. XII. *Nelms v. Georgian Manor Condo. Assn.*, 253 Ga. 410 (3) (321 SE2d 330) (1984). We further hold that the statute denies appellant neither its constitutional right to trial by jury, nor any other constitutional right complained of here.

3. Alternatively, appellant argues that OCGA § 40-8-76.1 (d) applies only to the exclusion of evidence offered as negligence per se, and does not apply where evidence is offered as a breach of a common law duty.

However, we agree with the trial court that had the legislature intended the narrow interpretation given the statute by appellant, it would have categorized the evidence required to be excluded as "negligence *per se*" as it did when enacting OCGA § 40-8-76 (d), regulating the use of automobile safety restraints for children under the age of four years. The legislature stated that one of its purposes in enacting OCGA § 40-8-76.1 was "to provide that a failure to use seat safety belts may not be introduced in evidence in *any* civil action." (Emphasis supplied.) Ga. L. 1988, p. 31. This broad statement of purpose read in conjunction with the language of OCGA § 40-8-76.1 (d) that failure to wear a seat belt "shall not be considered evidence of negligence," confirms that the legislature did not intend to limit the exclusion of evidence of negligence to issues involving negligence per se.

*Judgment affirmed. All the Justices concur.*

Decided May 3, 1993.

*Gerard & Mathews, William T. Gerard, Barnes, Browning, Tanksley & Casurella, Roy E. Barnes,* for appellant.

*The Carter Firm, James E. Carter, Crim & Bassler, Harry W. Bassler, Joseph M. Murphey, Raymond T. Brooks, Jr.,* for appellees.

*Chambers, Mabry, McClelland & Brooks, V. Jane Reed,* amicus curiae.