S93A1616. DAVIS et al. v. SHAVERS et al.
S93X1734. SHAVERS v. DAVIS.
S93A1617. DAVIS et al. v. BASS et al.
S93X1735. BASS v. LASTER.
S93A1618. DAVIS et al. v. NORRIS et al.
S93X1736. NORRIS v. LASTER.
(439 SE2d 650)

CLARKE, Chief Justice.

In April 1993, the Election Superintendent for the City of Fort Oglethorpe, Georgia, issued three applications for recall petitions to the appellants in Case Nos. S93A1616, S93A1617 and S93A1618. Appellants sought the recall of two City Councilmen and the Mayor of Fort Oglethorpe, the appellees in these cases. Appellees thereafter sought judicial review of the legal sufficiency of the applications pursuant to OCGA § 21-4-6 (a). Following the procedures of OCGA § 21-4-6 (f), the trial court found, in each case, that the recall application was legally insufficient, and enjoined the election superintendent from issuing recall petition forms. Additionally, the trial court denied appellees' motions to declare portions of OCGA §§ 21-4-3 and 21-4-6 unconstitutional.

In Case Nos. S93A1616 through S93A1618, appellants appeal the trial court's finding that the recall applications were legally insuffi-

cient. In Case Nos. S93X1734, S93X1735 and S93X1736, the appellees cross-appeal the trial court's determination that OCGA §§ 21-4-3 and 21-4-6 withstand the constitutional challenges made.

*Case No. S93A1616*

1. Appellants' recall application with regard to City Councilman Shavers alleged that Shavers had committed "acts of malfeasance" and "an act of misconduct" while in office. The supporting facts on which the recall application was based were alleged to be that

> He committed an unlawful act and violated parts of II and V of OCGA 45-10-1 by illegally passing by resolution an amendment to the retirement system ordinance and causing the payment of unrestored City funds thereunder which benefitted him and others when an ordinance can only be amended by another ordinance and by voting a fellow councilman, Tracy Bass, two years salary in advance and by voting a closed meeting that was required to be open to give a raise to City Manager of less than 6 months.

The trial court found that the first two factual allegations — that Shavers illegally passed an amendment by resolution rather than by ordinance, and that Shavers voted to pay another councilman two years salary in advance — were insufficient to allege acts of malfeasance or misconduct in office within the meaning of OCGA § 21-4-3 (7) (B). As for the allegation that Shavers voted to give the City Manager a raise in a closed meeting which should have been open, the trial court concluded that the allegation failed to state a violation with sufficient specificity to place the public as well as the official involved "on notice to decide its interest." The trial court also held that the allegation failed to state why this vote constituted either malfeasance or misconduct.

Because we conclude that the trial court's findings are not clearly erroneous, *Steele v. Honea,* 261 Ga. 644, 646 (409 SE2d 652) (1991), they are affirmed.

Under OCGA § 21-4-6 (f), the trial court is required to review the legal sufficiency of the grounds for recall and the alleged facts upon which the grounds are based "as set forth in such recall application." Because neither discovery nor an evidentiary hearing is permitted at this stage of the recall proceedings, id., it is imperative that the application state with clarity and specificity the facts supporting the grounds for recall such that both the public and the official sought to be recalled are properly notified of the violation alleged to have been committed. This court has held that the standard for determining the "legal sufficiency," id., of a factual allegation, is whether it states

"with reasonable particularity a ground for recall." *Hamlett v. Hubbard*, 262 Ga. 279 (416 SE2d 732) (1992). Though the allegations in this case arguably fall "close . . . to the mark," id. at 280, the supporting facts fail to state with reasonable particularity grounds for recall. While appellants maintain in their application that all three factual allegations are violations of OCGA § 45-10-1, the Code of Ethics for Government Service, it is only by reference to their brief that one gains notice of why these alleged sets of facts may constitute acts of malfeasance or misconduct in office.

In their briefs, appellants argue that the amendment of the retirement ordinance by resolution rather than by ordinance is a violation of the equal dignities doctrine, citing *Harper v. Mayor &c. of Jonesboro*, 94 Ga. 801 (22 SE 139) (1894); appellants further argue that the act itself of voting advance salary and raises to other city employees is unethical. However, there is nothing in the application for recall from which the public may determine that the facts themselves, even if taken as true, amount to acts of misconduct or malfeasance. *Brooks v. Branch*, 262 Ga. 658 (424 SE2d 277) (1993). And while, as appellants point out, we have held that actions taken in a closed meeting which is required to be held open under the Open Meetings Act, OCGA § 50-14-1, can become grounds for recall "if the circumstances of that participation come within the definition of 'grounds for recall,'" *Steele*, supra at 645, those circumstances must be set out with reasonable particularity. That was not done in this case. Further, the public was given notice of neither time nor place of the alleged violations such that verification and an informed decision as to whether to sign the application for recall could be made.

### Case No. S93A1617

2. Appellants' recall application stated that City Councilman Bass committed "acts of malfeasance" and "an act of misconduct in office" in that

> He committed an unlawful act and violated parts II and V of OCGA 45-10-1 by illegally passing by resolution an amendment to the retirement system ordinance and causing the payment of unrestored City funds thereunder which benefitted him and others when an ordinance can only be amended by another ordinance and by voting to pay himself two years salary in advance by voting in a closed meeting that was required to be open to give a raise to City Manager of less than six months.

Because the factual allegations supporting the grounds for recall are subject to the same deficiencies as the application for recall dis-

cussed in Division 1, the trial court's finding of legal insufficiency is affirmed.

### Case No. S93A1618

3. Appellants' recall application stated that Mayor Norris committed acts of "malfeasance" and "misconduct in office" and that he "wilfully misused, converted or misappropriated, without authority, public property or public funds entrusted to his office" in that

> He used the City's cellular phone for personal use and did not pay the City for bills on same for months until after a citizen protest, and he violated parts II and V of OCGA 45-10-1 by initiating and complying with a failure to release public documents, the itemization of calls for said phone and officially encouraged the illegal passage by resolution of an amendment to the retirement system ordinance and payment of unrestored City funds thereunder which benefitted him and others.

The trial court concluded that the facts in support of the grounds for recall were not stated with reasonable particularity in that they failed to specify dates, places or manner of violation such as to provide the public and the official with adequate notice of the substance of the complaint. We agree. *Hamlett v. Hubbard*; *Brooks v. Branch*, supra. We further agree with the trial court that the supporting facts do not state how the encouragement of the passage of a resolution constitutes either an act of misconduct or malfeasance. Therefore, the trial court did not err in finding the application legally insufficient.

### Case Nos. S93X1734, S93X1735 and S93X1736

4. Cross-appellants, the City officials sought to be recalled, argue that OCGA § 21-4-6 (f) denies them due process by prohibiting a full and meaningful hearing to determine the truth of the allegations made in the recall application. This issue has been decided adversely to them in *Collins v. Morris*, 263 Ga. 734 (438 SE2d 896) (1994).

5. Cross-appellants also argue that OCGA § 21-4-6 (g) violates principles of equal protection in that it allows a voter whose application for recall has been determined to be legally insufficient to file an application for discretionary review to this court, but does not provide the same manner of discretionary appeal to the official sought to be recalled where the recall application is found to be legally sufficient. However, as the cross-appellants in this case have not been adversely affected by this portion of the statute, they lack standing to challenge it. *C. W. Matthews Contracting Co. v. Gover*, 263 Ga. 108

(2) (428 SE2d 796) (1993); *Tempo Management v. DeKalb County*, 258 Ga. 713 (373 SE2d 622) (1988).

6. Last, cross-appellants argue that OCGA § 21-4-3 (7) (B) (i), which states as a ground for recall that an official "has committed an act or acts of malfeasance while in office," is unconstitutionally overbroad.

To withstand a void for vagueness attack under the Due Process Clause of the Fourteenth Amendment, a law must " ' "give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." ' " *S. J. T., Inc. v. Richmond County*, 263 Ga. 267, 269-270 (430 SE2d 726) (1993). This court has previously discussed at length the definition of the term "malfeasance in office," *Cargile v. State*, 194 Ga. 20, 24 (20 SE2d 416) (1942), and the legislature enacted OCGA § 21-4-3 with the knowledge of this definition. It cannot therefore be said that the term "malfeasance" fails to provide notice to elected officials of what conduct is forbidden.

*Judgment affirmed. As to Case Nos. S93A1616 and S93A1617, all the Justices concur. As to Case No. S93A1618, all the Justices concur, except Hunt, P. J., and Sears-Collins, J., who dissent. As to Case Nos. S93X1734, S93X1735 and S93X1736, all the Justices concur, except Benham and Hunstein, JJ., who dissent.*

BENHAM, Justice, concurring in part and dissenting in part.

While I concur in the judgment rendered in Case Nos. S93A1616, S93A1617, and S93A1618, for the reasons stated in my dissent in *Collins v. Morris*, 263 Ga. 734 (438 SE2d 896) (1994), I respectfully dissent from the judgment rendered in Case Nos. S93X1734, S93X1735 and S93X1736.

I am authorized to state that Justice Hunstein joins this opinion.

DECIDED FEBRUARY 7, 1994.

*Amy Petulla*, for Davis.
*John O. Wiggins*, for Shavers.
*H. Kimbrell Sawyer III*, for Bass and Norris.
*Ronald Goulart*, for Laster.