S97A1771. PHILLIPS v. HAWTHORNE et al.
(494 SE2d 656)

HUNSTEIN, Justice.
In March 1997, the Election Superintendent for the City of

---

Auburn issued three applications for recall petitions to appellant Matthew L. Phillips, the chairman of a committee of Auburn citizens concerned about the abolition of the City of Auburn police department. Appellant sought the recall of appellees David Hawthorne, Mayor of Auburn, and Ray McCully and Judy Doss, Auburn City Councilpersons. Appellees thereafter initiated judicial review of the legal sufficiency of the applications pursuant to OCGA § 21-4-6 (a). Following the procedures of OCGA § 21-4-6 (f), the superior court found in each case that the facts upon which the grounds for the recall applications were based were legally insufficient.[1] We granted appellant's application for discretionary appeal to consider whether the superior court erred by holding that the recall applications were not satisfactorily sufficient in their factual allegations. Finding that the superior court's decision was based on an inappropriately restrictive reading of our opinion in *Davis v. Shavers*, 263 Ga. 785 (439 SE2d 650) (1994) which has led the court to a clearly erroneous result, we reverse.

OCGA § 21-4-6 (f) sets forth the procedure for review of a recall application by a superior court:

> Such review shall be limited solely to a review of the legal sufficiency of the recall ground or grounds and the legal sufficiency of the alleged fact or facts upon which such ground or grounds are based as set forth in such recall application; and the review of such alleged fact or facts shall be only for the determination of the legal sufficiency of such alleged fact or facts as to form and not as to truth and shall not include discovery or evidentiary hearings.

The "brief statement" of facts upon which the grounds for recall were based in appellant's three applications, see OCGA § 21-4-5 (b) (1) (D), all contained essentially the same information, namely, that appellees

> did commit a crime and violate [their] oath[s] to defend the laws of the state of Georgia, by participating in [or presiding over] a closed meeting in which evidence was taken and arguments made concerning the abolition of the Auburn City Police Department; in violation of Title 50, Chapter 14, of The Official Code of Georgia Annotated [the Open and

---

[1] The superior court, noting that appellees made no contest as to the sufficiency of the statutory grounds for recall recited in the recall applications, found those grounds to be legally sufficient.

Public Meetings Act, OCGA § 50-4-1 et seq.].[2]

In determining the legal sufficiency of the facts upon which the recall grounds are based, the superior court should assume the facts alleged to be true, consider whether the facts allege misconduct which constitutes a legally sufficient ground for recall according to the statutory definition of that term and, if so, consider whether the facts are stated with reasonable particularity. *Brooks v. Branch*, 262 Ga. 658, 660 (2) (424 SE2d 277) (1993).

> [An allegation] states with adequate particularity acts or omissions that may constitute grounds for recall, [where] it is specific enough — in the context of the controversy — to inform the public and the [public officer] of the substance of the complaint. While [an allegation] may not qualify as "perfect" pleading, our law requires no such perfection.

*Hamlett v. Hubbard*, 262 Ga. 279, 281 (6) (416 SE2d 732) (1992). Accord *Davis*, supra at 786 (clarity and specificity in stating the grounds for recall are required so that "both the public and the official sought to be recalled are properly notified of the violation alleged to have been committed").

The superior court in this case construed *Davis* to hold that facts in support of the grounds for recall cannot be "legally sufficient" if those facts do not specify dates, places and the manner of violation upon which the applicants rely. The superior court then held that in order for a violation of the Open Meetings Act to be a crime, the application must specify that a quorum was present, so that the meeting would be required to be open under the Open Meetings Act, and also specify that the violation of that act was knowing and wilful, so that the violation constituted a misdemeanor. Because appellant's recall applications did not specify dates and places and did not positively allege that a quorum was present at the closed meeting and that the violation of the Open Meetings Act was wilful and knowing, the superior court found the applications to be legally insufficient.

Nothing in *Davis* stands for the proposition that a recall application is legally insufficient in every instance where the applicant fails to specify dates, places and the precise manner of violation upon which the applicant relies in the brief statement of facts supporting the grounds for recall. In *Davis*, applicants sought the recall of the mayor and two city councilpersons. The allegations in the recall application, however, failed to provide any information from which

---

[2] It was further alleged as to appellee Hawthorne that he "failed in his cha[r]ter duty by approving the invalid ordinance which resulted from this illegal meeting."

the public could determine why conduct by these officials in amending, by means of a resolution, an unspecified retirement ordinance at an unspecified meeting or in voting at another unspecified meeting to give a councilperson two years salary in advance required their recall. Other allegations gave no dates or times for the allegedly improper cellular phone calls made by one official and did not explain how his lack of promptness in paying for the personal calls required his recall; and the allegations failed to provide reasonably particular facts to explain why the officials' conduct, at a closed meeting "that was required to be open," in giving the city manager a raise constituted the type of violation of the Open Meetings Act that could serve as a ground for recall under the Recall Act. Contrary to the interpretation of *Davis* by the superior court and appellees in this Court, the focus of *Davis* was not the applicants' failure to include certain mandatory items of information but rather was on the overall failure by applicants to provide the public with the sort of information under the circumstances of that particular case "such that verification and an informed decision as to whether to sign the application for recall could be made," id. at 787 (1), and "such as to provide the public and the official with adequate notice of the substance of the complaint." Id. at 788 (3).

Our opinion in *Davis* is consistent with our earlier holdings in that the emphasis is on whether the facts in the recall applications were sufficient under the particular circumstances of that case to provide the public and the recall subject with adequate notice of the substance of the complaint. In *Brooks*, supra, applicants sought to recall five county school board members. However, the allegations in the recall application did not identify which school board meetings were held in violation of the Open Meetings Act; did not explain why the casting of a vote by proxy by an unspecified board member at an unspecified board meeting required recall; did not identify in which meetings the public was not allowed to participate; and provided no information from which the public could determine what improper conduct was involved in the alleged wilful violation of a fair dismissal law that would constitute a statutory ground for recall. In *Hamlett*, supra, this Court affirmed the legal insufficiency of allegations that a county school board member had "violated State and County School Board policy"; "violated the Georgia Open and Public Meetings law"; "violated the terms of a 1973 Federal Court order"; and "failed to pursue policies" to enable the county to take advantage of State funds because these allegations failed to identify the alleged policies involved, the manner in which any act or omission violated the policy, which meeting had been improperly closed, which Federal court order was violated or how it was violated, and like matters. This lack of reasonable particularity in the facts did not apply to every allega-

tion, however, and thus this Court reversed the superior court as to the allegation that the recall subject had "failed to prevent students from [outside the district or county] from illegally attending county schools," id. at 280 (3), holding that this allegation, albeit not perfectly pled, was sufficient within the context of the controversy "to inform the public and the school board member of the substance of the complaint." Id. at 281 (6).

This review of our recall application cases demonstrates how applications for recall arise out of particularized factual situations unique to each case. Courts, in weighing the legal sufficiency of the facts stated in support of recall applications, should thus recognize that, not unlike the interpretation of wills or the imposition of sanctions, precedents may be of but little value and each case must be largely governed by its particular facts. E.g., *Stringfellow v. Harman*, 207 Ga. 62, 64 (60 SE2d 139) (1950); *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). The standard for assessing the legal sufficiency of a recall application is whether the facts supporting the grounds for recall are stated with such "clarity and specificity" that the application can "properly notify" both the official sought to be recalled and those members of the public who are registered and qualified voters in the appropriate electoral district where the violations were alleged to have been committed. See *Davis*, supra at 786 (1). The quantum and specificity of facts, i.e., the "reasonable particularity" in *Brooks*, supra, that will be needed to provide this "proper notification" must necessarily vary in each case with the nature of the controversy and the community in which it arose. Such factors are inherent in "the context of the controversy" that is before the superior court. See *Hamlett*, supra at 281 (6).

Bearing this discussion in mind, we turn first to the superior court's ruling that appellant's recall applications were insufficient because the allegations that appellees "did commit a crime and violate [their] oath[s] to defend the laws of the state of Georgia, by participating in [or presiding over] a closed meeting . . . in violation of Title 50, Chapter 14, of The Official Code of Georgia Annotated" constituted a mere "conclusion" that a crime was committed due to the absence of language specifying that a quorum was present at the meeting (so as to constitute a meeting required to be open, see OCGA § 50-14-1 (a) (2)) and that appellees' participation in a closed meeting was knowing and wilful (so that the violation of the Open Meetings Act would qualify as a misdemeanor, see OCGA § 50-14-6). We agree with appellant that by employing language that the "closed meeting" in which appellees participated in or presided over constituted a "crime . . . in violation of" the Open Meetings Act, the recall applications were necessarily premised on the presence of a quorum at a meeting held in wilful and voluntary violation of the Act, since other-

wise there could have been no "meeting" that constituted a "crime" under the statutory definitions set forth in the Act.[3] We reject the implication that a recall application is legally insufficient for using terms the definitions of which are established by statutes referenced in the application. Nor can we agree that every recall application must set forth every essential element of any crime alleged to have been committed in order to qualify as "legally sufficient." Recall applications are not criminal indictments. They are not drawn by prosecutors; they need not be written by lawyers. Recall applications are not to be held to the highest level of draftsmanship because, as we stated in *Hamlett*, supra, "our law requires no such perfection." Id. at 281 (6).

The superior court's other objection to the facts supporting the grounds for recall is the failure of appellant to include dates and places. The City of Auburn is a small Georgia municipality, with 3,139 inhabitants according to the last census.[4] The recall applications here arose out of appellees' conduct in abolishing the entire City of Auburn police department. It is no great stretch to acknowledge that even in a much larger city such conduct would create great controversy. The recall applications specify as criminal conduct appellees' participation in or presiding over a meeting, closed to the public, in which evidence was presented and arguments made about this controversial decision. The requisite information identifying the meeting was provided here not by date or location but by the controversial subject matter that was allegedly discussed at the meeting. The nature of the alleged criminal activity and the manner in which appellees allegedly committed the crimes can be readily discerned from the language in the applications. When viewed in the context of the controversy, rather than in the confines of inflexible factual "requirements" improperly culled from prior opinions, the facts stated in the recall applications were sufficiently specific to place the public and appellees on notice of the substance of appellant's complaint. See generally *Hamlett*, supra.

The rationale for the Recall Act, OCGA § 21-4-1 et seq., is "the insurance of governmental accountability." *Parker v. McCants*, 258 Ga. 364 (369 SE2d 481) (1988). "The electorate's right of recall derives from our [C]onstitution . . . [and] is a substantial right." *Collins v. Morris*, 263 Ga. 734, 736 (438 SE2d 896) (1994). That right

---

[3] OCGA § 50-14-1 (a) (2) provides that " 'Meeting' means the gathering of a quorum of the members of the governing body of an agency or of any committee . . . at a designated time and place . . . at which official action is to be taken." A closed meeting is a crime only where a person "knowingly and willfully conduct[s] or participat[es] in a meeting in violation of" the Open Meetings Act. OCGA § 50-14-6.

[4] See Index to the Official Code of Georgia Annotated, Population Tables, p. 1315.

should not be unduly curtailed by inappropriate reliance on factually distinguishable prior precedent. The superior court, by construing this Court's prior holdings as mandating the inclusion of factual information not necessary to place the public and appellees on adequate notice of the substance of appellant's complaint, applied the wrong legal standard and reached a result that is clearly erroneous. Its ruling is accordingly reversed.

*Judgment reversed. All the Justices concur, except Benham, C. J., Carley and Thompson, JJ., who dissent.*

BENHAM, Chief Justice, dissenting.

I respectfully dissent to the majority's reversal of the trial court's decision to deny the petitioner's Application for Recall based on petitioner's failure to state with "reasonable particularity" what crime was alleged. Under OCGA § 21-4-6 (f), the trial court is required to review the legal sufficiency of the grounds for recall and the alleged facts upon which the grounds are based "as set forth in such recall application." Since neither discovery nor evidentiary hearings are permitted at this stage, it is imperative that the application state with clarity and specificity the facts supporting the grounds for recall such that both the public and the official sought to be recalled are properly notified of the violation alleged to have been committed. *Davis v. Shavers*, 263 Ga. 785, 786 (439 SE2d 650) (1994). Actions taken in a closed meeting which should have been open can become grounds for recall "if the circumstances of that participation come within the definition of 'grounds for recall' " as set out in Division 1 of *Steele v. Honea*, 261 Ga. App. 644, 645 (409 SE2d 652) (1991). The standard of review for this Court in recall petition cases is whether the ruling of the trial court is clearly erroneous. OCGA § 9-11-52 (a); *Davis, supra.*

The allegations upon which this recall is based, as to all three appellees are as follows:

> "[They] did commit a crime and violate [their] oath to defend the laws of the state by presiding over a closed meeting in which evidence was taken and arguments made about the abolition of the city Police Department; all in violation of Title 50, Chapter 14, of the OCGA."

> As to the Mayor ". . . he failed in his chapter [sic] duty by approving the invalid ordinance which resulted from this illegal meeting."

When an office-holder is the subject of an application for recall, he or she may apply for a review of the sufficiency of the facts upon which the grounds are based. OCGA § 21-4-6 (a).

> Such review shall be limited solely to a review of the legal sufficiency of the recall ground or grounds and the legal sufficiency of the alleged fact or facts upon which such ground or grounds are based as set forth in such recall application; and the review of such alleged fact or facts shall be only for the determination of the legal sufficiency of such alleged fact or facts as to form and not as to truth and shall not include discovery or evidentiary hearings.

OCGA § 21-4-6 (f). The superior court found that the facts upon which the grounds for the recall applications were based were legally insufficient.

The only issue in this appeal, as established by the discretionary application question, is whether the factual allegations in the recall applications were satisfactorily specific so as to put the public and appellees on notice of the substance of the complaint against the officials. In *Brooks v. Branch*, 262 Ga. 658 (2) (424 SE2d 277) (1993), this Court held that in order

> [t]o determine if the "fact or facts upon which such ground or grounds are based" are legally sufficient, a court should consider the following: 1) assuming the fact or facts to be true, whether they allege misconduct which constitutes a legally sufficient ground for recall according to the statutory definition of that term; 2) if so, whether the fact or facts are stated with "reasonable particularity," [cit.].

The majority opinion cites *Davis v. Shavers*, 263 Ga. 785 (439 SE2d 650) (1994), as defining "reasonable particularity" as "clarity and specificity in stating the grounds for recall . . . so that 'both the public and the official sought to be recalled are properly notified of the violation alleged to have been committed.'" The majority opinion goes on to say the "reasonable particularity" in *Brooks v. Branch*, 262 Ga. at 660, "must necessarily vary in each case with the nature of the controversy, its notoriety, the public's involvement in the controversy, and similar concerns which arise. . . ." This analysis appears to say that controversial matters require less specificity in recall petitions than mundane matters. To conclude that the controversial nature of the matters involved here should be taken into consideration by this Court unnecessarily restricts these cases to a case by case examination without providing guidance or minimum standards for review.

What we need in this area is some minimum, easily ascertainable standard that is clear and unequivocal to citizens who avail themselves of the recall process, to elected officials and to a reviewing

court. What we do not need is some amorphous standard that changes with each shifting political wind or issue. What I suggest is a threshold requirement as was set out by Chief Justice Clarke's dissent in *Hamlett v. Hubbard*, 262 Ga. at 281:

> [A] bare allegation of certain laws and policies without statements of the time, place and manner of the violations falls short of that which the law requires. This would not just give additional protection to the officeholder, it would protect the public against vague attacks which result in governmental instability.

I am authorized to state that Justice Carley and Justice Thompson join this dissent.

DECIDED JANUARY 26, 1998.

*Chester A. Dettlinger,* for appellant.
*George G. Dean II, Garner & Still, Dennis T. Still,* for appellees.