## A07A1579. KING et al. v. DAVIS.
### (652 SE2d 585)

ELLINGTON, Judge.

A Henry County jury found in favor of Nita and Damond King on their personal injury claims against Olin Davis arising out of a car wreck. The Kings appeal, contending the trial court erred in instructing the jury on the use of evidence of the Kings' failure to wear seat belts.[1] For the reasons that follow, we reverse.

"A jury charge must be adjusted to the evidence, apt, and a correct statement of the applicable law." (Citation and punctuation omitted.) *Ware v. Henry County Water &c. Auth.*, 258 Ga. App. 778, 784 (7) (575 SE2d 654) (2002).

A charge that does not include or embrace a correct and complete principle of law which is pertinent and adjusted to the evidence tends to induce harmful error. Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case.

(Citations omitted.) *Harden v. Drost*, 156 Ga. App. 363, 365 (2) (274 SE2d 748) (1980).

During the portion of the jury instructions on the issue of damages, the trial court charged as follows: "[w]hen considering damages, you may take into account evidence of [the Kings'] alleged failure to use an available seatbelt upon proof or showing by [Davis] satisfactory to you that [the Kings] did not use their seatbelts and that their injuries may have been reduced by use of a seatbelt." This charge runs directly contrary to OCGA § 40-8-76.1 (d) which prohibits

---

[1] The Kings also contend that the trial court erred in admitting evidence of their failure to wear seat belts. Because the Kings failed to contemporaneously object to the evidence, however, they may not raise this issue on appeal. *Mays v. Ellis*, 283 Ga. App. 195, 199 (2) (641 SE2d 201) (2007); *Dept. of Transp. v. Robinson*, 260 Ga. App. 666, 669 (2) (580 SE2d 535) (2003).

the use of evidence of the failure of an occupant of a motor vehicle to wear a seat safety belt as evidence of negligence or causation or "to diminish any recovery for damages" in any civil action.[2] See *C. W. Matthews Contracting Co. v. Gover*, 263 Ga. 108, 110 (3) (428 SE2d 796) (1993) (One of the General Assembly's purposes "in enacting OCGA § 40-8-76.1 was to provide that a failure to use seat safety belts may not be introduced in evidence in *any* civil action.") (citation and punctuation omitted; emphasis in original). The Supreme Court of Georgia recognized as a legitimate legislative purpose "ensur[ing] that those who cause vehicular collisions are not permitted to escape liability by raising the defense that the injured party was not wearing a seat belt." Id. at 110 (2) (a). "[U]nlike general rules of evidence which permit admission of evidence for one purpose although not for other purposes, the legislative intent of [OCGA § 40-8-76.1 (d)] was to prohibit the admission of evidence that no seat belt was worn for *all* purposes[,]" including reduction of any damages and impeachment. (Citation omitted; emphasis in original.) *Crosby v. Cooper Tire & Rubber Co.*, 240 Ga. App. 857, 866 (6) (c) (524 SE2d 313) (1999), rev'd on other grounds, *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454 (543 SE2d 21) (2001). Because the jury instruction in this case was not a correct statement of the applicable law and likely prejudiced the Kings' case, a new trial is required in which the jury instructions are consistent with OCGA § 40-8-76.1 (d). *C. W. Matthews Contracting Co. v. Gover*, 263 Ga. at 108-110 (2), (3); see *Brumby v. Brooks*, 234 Ga. 376, 382-383 (III) (216 SE2d 288) (1975) (when it is likely that an erroneous jury instruction prejudiced a litigant's case, the grant of a new trial is warranted).

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 1, 2007.

*Graylin C. Ward*, for appellants.
*Adrian Britt*, for appellee.

---

[2] OCGA § 40-8-76.1 (d) provides:
The failure of an occupant of a motor vehicle to wear a seat safety belt in any seat of a motor vehicle which has a seat safety belt or belts shall not be considered evidence of negligence or causation, shall not otherwise be considered by the finder of fact on any question of liability of any person, corporation, or insurer, shall not be any basis for cancellation of coverage or increase in insurance rates, and shall not be evidence used to diminish any recovery for damages arising out of the ownership, maintenance, occupancy, or operation of a motor vehicle.