44905. DAWSON, Next Friend v. AMERICAN HERITAGE LIFE INSURANCE COMPANY.

Submitted January 8, 1970—Decided February 4, 1970— Rehearing denied February 26, 1970—

*Cullen M. Ward, Frank M. Eldridge,* for appellant.

*Neely, Freeman & Hawkins, John V. Skinner, Jr.,* for appellee.

JORDAN, Presiding Judge. We concur in the view expressed by the trial court to the effect that the situation as disclosed

by the evidence is indicative of an arrangement of some mutual benefit so that "certainly the jury will have a right to find it is an invitee situation." In determining what is necessary to elevate a person above the status of a licensee, as defined by *Code* § 105-402, the Supreme Court has expressed the view that the statutory definition is plain and unambiguous, and must be applied as a whole, so that even if the person "is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises" he must also come within the test which follows, and not be a person "who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification." *Anderson v. Cooper*, 214 Ga. 164, 167 (104 SE2d 90). The court in that case also stated (p. 169) "that the determining question as to whether a visitor is an invitee by implication [*Code* § 105-401] or a licensee [*Code* § 105-402] is whether or not the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit." Certainly, under the evidence in the present case, the owner inferentially derived some benefit, real or supposed, from the fact that a newspaper vending box was readily accessible to occupants of the building.

The trial court, however, directed a verdict for the defendant on the basis that even if the evidence authorized a determination that Ralph Dawson was an invitee, there was no evidence to authorize a determination that his injuries were proximately caused by the negligence of the owner of the building. We think the court erred in so holding.

Except by way of inference there is nothing in the evidence to disclose any negligence, for all that appears is the fact of the occurrence. Ralph Dawson pushed against the cross bar on the door to open it, and the plate glass broke and fell out, or fell out and broke, causing his injuries. The case of *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788 (64 SE 93), involved a similar unexplained occurrence. The evidence disclosed that a pane of glass, without any apparent cause, fell from the window of the defendant's building, injuring the plaintiff. The court, in applying the doctrine of res ipsa loquitur, had this

to say (p. 793): "When the plaintiff showed that the pane of glass which struck her fell out of the window of the defendant's building, and that its fall was not caused by the occupants of the suite of rooms, or by the agency of any other person, she had made a prima facie case which should have been submitted to a jury, to say whether, from the circumstances attending the fall of the pane of glass, they would draw the inference that the fall of the glass and her consequent injury was due to the alleged negligence of the defendant company, or was a pure accident, or was attributable to such a high wind as that the casualty might be considered the act of God. The maxim res ipsa loquitur is of limited application, but embodies a perfectly sound legal principle. It is frequently difficult to determine when it can be safely said that the thing speaks for itself. However, the process by which it is to be determined whether the physical facts and circumstances accompanying an injury are such that the act may be said itself to speak the negligence of the defendant is to be worked out by the jury and not by the court. Not only is negligence or diligence, in every case where either is involved, a question solely for the jury, but it is also the prerogative of the jury to say in the first instance whether the evidence adduced to raise the inference of fact—that an extraordinary and unexplained casualty authorizes an inference that the defendant was negligent, is sufficient or insufficient for the purpose." See also *Chenall v. Palmer Brick Co.*, 117 Ga. 106 (43 SE 443), another leading case involving the doctrine of res ipsa loquitur.

The trial court should have allowed the jury to make a determination of whether the defendant's negligence, if any, was the proximate cause of plaintiff's injuries under a charge including the principle of res ipsa loquitur.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*