## 76637. JORDAN v. RABENSTEIN.
(375 SE2d 55)

McMURRAY, Presiding Judge.

Plaintiff Jordan leased an upstairs apartment in a building owned by defendant Rabenstein. Access to the attic of the building was obtained through a panel on the wall of plaintiff's apartment. The furnace which supplied heat for plaintiff's apartment was located in the attic. On January 21, 1984, plaintiff returned to her apartment to find that the furnace was not working. Plaintiff entered the attic area and while walking to a light switch, stepped on insulation which was supported only by sheetrock. The resulting fall to the floor of the

apartment below caused substantial injuries to plaintiff.

Subsequently, plaintiff filed this negligence action alleging that her injuries resulted from the defective condition of the property and defendant's failure to repair or warn her of the dangerous condition posed thereby. Defendant denied the material allegations of the complaint and moved for summary judgment. Plaintiff appeals the grant of defendant's motion for summary judgment. *Held*:

First, we must examine plaintiff's status upon the attic portion of the premises. Defendant contends that plaintiff's entry into the attic constituted a trespass and contrary to the provisions of the lease for plaintiff's apartment. Plaintiff contends that she was an invitee. The lease provision relied upon by defendant merely provides a requirement of written requests for repairs "except in an extreme emergency in which event such notice may initially be given by telephone and later confirmed in writing . . ." We find nothing in the contractual language regulating plaintiff's access to the attic. Plaintiff's evidence is that she had never been told by defendant not to enter the attic area, that she was authorized to enter into the attic or to let others, such as repairmen, enter, and that on a number of previous occasions she had entered the attic with defendant's permission in order to flip a switch to turn the furnace on or off on a seasonal basis. Indeed, plaintiff's testimony was that defendant's agent had shown her how to enter the attic to turn the heat on or off. In view of the evidence of plaintiff's authority to enter the attic, a jury could find that plaintiff was not a trespasser in the attic. Furthermore, since there is evidence that plaintiff's purpose in entering the attic was to see if she could determine what was wrong with the furnace in order to facilitate repairs, the jury was authorized to conclude that plaintiff was an invitee since the entry was in part for the benefit of defendant. *Anderson v. Cooper*, 214 Ga. 164 (104 SE2d 90); *Dawson v. American Heritage &c. Ins. Co.*, 121 Ga. App. 266 (173 SE2d 424).

It follows that for purposes of review of the grant of defendant's motion for summary judgment we must examine whether defendant had that superior knowledge of the hazard upon which liability may be predicated. " 'It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. (Cits.) This is merely a manifestation of the general rule regarding the liability of proprietors for injuries to invitees occurring on the premises. (Cits.)' *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984)." *Smith v. Collins*, 182 Ga. App. 564 (356 SE2d 530).

In order for plaintiff to recover, two elements must be proven: " '(1) fault on the part of the owner, and (2) ignorance of the danger

on the part of the invitee, (Cit.).'" *White v. Fred F. French Mgt. Co.,* 177 Ga. App. 661 (340 SE2d 276). See also *Folks, Inc. v. Dobbs,* 181 Ga. App. 311, 312 (352 SE2d 212); *Gyles, Inc. v. Turner,* 184 Ga. App. 376, 377 (361 SE2d 538).

In the case sub judice, a jury could find fault on the part of defendant if not in allowing plaintiff into the attic area, then certainly in the maintenance of the light switch for the attic at a place which could not be reached from the attic walkway. This arrangement apparently necessitated stepping from joist to joist in order to reach the light switch. Among the hazards thus created was the possibility that a person (such as plaintiff who had not used the light switch previously) unaware that the insulation between the ceiling joist was not sufficiently supported to bear the weight of a person would attempt to reach the light switch by stepping between rather than upon the ceiling joists.

While there is no duty to warn of the obvious (*Gyles, Inc. v. Turner,* 184 Ga. App. 376, 377, supra), there is evidence that the hazard in the case sub judice was concealed, in that it was not apparent to plaintiff that the insulation would not bear her weight. Expressed in other terms, if plaintiff could be viewed as having observed the hazard, there remains a question as to whether she should have had full appreciation of the danger. *Food Giant v. Witherspoon,* 183 Ga. App. 465, 467 (359 SE2d 223); *Pippins v. Breman,* 152 Ga. App. 226, 228 (262 SE2d 477). See also *Atkinson v. Kirchoff Enterprises,* 181 Ga. App. 139 (351 SE2d 477). Additionally, we note that there is evidence of defendant's knowledge of the hazard.

Since the record fails to negate by uncontroverted evidence any element of plaintiff's claim, the state court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 14, 1988 —

*Bruce Berger,* for appellant.

*Paul, Hastings, Janofsky & Walker, James A. Orr, Craig K. Pendergrast, Kathy R. Bess,* for appellee.