COOK, Justice.
Martha B. Rogers appeals from a summary judgment entered in favor of the defendant Susan Kimbrell, individually and as co-owner with Jeff Moses of a travel agency known as Travel World. Rogers claimed that she was injured in a single-vehicle automobile accident and that the accident was caused by Kimbrell, who she says was negligently and wantonly operating her automobile. The trial court held that Rogers was precluded from recovering on a negligence claim against Kimbrell because Rogers was a “guest,” within the meaning of § 32-1-2, Ala. Code 1975. The trial court further held that there was no evidence of wanton conduct on the part of Kimbrell. We affirm.
The record indicates that a client asked Kimbrell to attend an annual Memorial Day party hosted by the client and his brother. The party was to be held at the home of the brother. Kimbrell was at the office of Travel World when the invitation was issued, and she indicated in her deposition testimony that she was invited to bring some of her friends to the party. Kimbrell contends that she and Rogers had previously made plans to go out for the evening and that she mentioned attending the party to Rogers. Rogers claims that she made no response when told about the party by Kimbrell, but concedes that she did not tell Kimbrell that she did not want to go to the party.
On the evening of the accident, Rogers and Kimbrell met at the Annistonian Restaurant in Anniston and, after stopping at the Whistle Stop Lounge, drove to the party, which was held in Rabbittown. The accident occurred while Rogers and Kimbrell were returning to Anniston from the party. Both parties concede that on the return trip they thought they were lost and that they had had to turn around. They were traveling on a gravel road and were rounding a curve when the automobile left the road and went into a ditch. Kimbrell contends that she was traveling approximately 30-35 mph when the accident occurred; Rogers contends that Kim-brell’s speed “seemed fast.” The speed limit was 35 mph.
The controlling issue with regard to Rogers’s negligence claim is whether she was a “guest” passenger in the automobile driven by Kimbrell when the accident occurred. In Cash v. Caldwell, 603 So.2d 1001, 1002-03 (Ala.1992), we wrote:
“Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc. 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the ‘substantial evidence rule’ (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“Section 32-1-2 reads as follows:
“ ‘The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or *389 death are caused by the -willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.’
“The statute does not define the word ‘guest’; therefore, we must look to case law. In Wagnon v. Patterson, 260 Ala. 297, 303, 70 So.2d 244 (1954), this Court stated as follows:
“ ‘ “The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and [the] driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.’”
“Quoting Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87 (1949).”
Kimbrell offered evidence tending to show that Rogers was a guest within the meaning of the statute, that no genuine issue of material fact existed, that she was entitled to a judgment as a matter of law. The burden then shifted to Rogers to present substantial evidence that she was a nonguest “passenger” and, therefore, that there was a genuine issue of material fact. See Cash. We must consider whether Rogers presented evidence that the trip served to mutually benefit Rogers and Kimbrell or evidence that Rogers accompanied Kimbrell for the purpose of having Rogers render a benefit or service to Kimbrell. See Cash. The evidence in the record tends to show that the parties met at the Annistonian; that they went to the Whistle Stop; and that they then proceeded to the party in Rabbittown. Rogers indicated in her deposition that the evening was a social one and that she did not reimburse Kimbrell for gas on such occasions. Rogers’s deposition, page 30. Nothing in the record creates a jury question as to whether the trip was mutually beneficial to Rogers and Kimbrell or supports the contention that Rogers accompanied Kimbrell to the party for the purpose of rendering some service or benefit to Kimbrell. Thus, based on these facts, one must conclude that this was solely a social outing and that Rogers was a guest in Kimbrell’s vehicle at the time of the accident. The trial court properly entered the summary judgment as to the negligence count.
Therefore, Kimbrell can be liable for Rogers’s injuries only if Kimbrell wantonly caused them. See § 32-1-2, Ala.Code 1975. The only evidence offered by Rogers to support her allegation that Kimbrell wantonly operated the vehicle is that the car left the road while going around a curve and that Rogers was injured as a result of the accident. Her deposition contained the following:
“Q. If you will, Martha, just kind of in your own words tell me what it was that Susan did or failed to do that caused this accident.
“A. Keep the ear on the road as we went around the curve.
“Q. As I understand your earlier testimony you don’t have any idea of her speed at the time of the accident?
“A. It seemed fast because I could see the dirt flying from the wheels.
“Q. This was when the car was sliding?
“A. Just (indicating) going down the road.
“Q. Did you ever tell her to slow down or anything?
“A. No.”
Rogers’s deposition, page 30. The record simply contains no substantial evidence that Kimbrell acted wantonly; therefore, the summary judgment was also proper as to the wantonness count.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.