### A95A0015. CROMER v. HODGES et al.
(455 SE2d 94)

SMITH, Judge.

Cathy Cromer brought this wrongful death action jointly against Barbara Hodges, Norika Wyatt and Bennie Wyatt alleging that the negligence of Hodges and Wyatt proximately caused the death of her husband Nolan Glenn Cromer from injuries he sustained in an automobile collision. Following presentation of the plaintiff's case, the defendants' motions for directed verdict were granted by the trial court as to all defendants.

The evidence at trial showed it was raining and dark on the evening of November 12, 1992, when Nolan Cromer's vehicle began to "fishtail" as he lost control while traveling south on Highway 49 in Sumter County. Approaching from the opposite direction, Barbara Hodges reduced her speed when she saw Cromer's oncoming vehicle swerving out of control, but the vehicles collided in the northbound lane and came to rest off the roadway. Before the collision or at impact, Nolan Cromer was ejected through the driver's door of his automobile and was hit by Hodges' vehicle, his body coming to rest in the middle of the roadway. At the time of the collision, Cromer's vehicle was in disrepair: the rear tires possessed minimal tread, the accelerator was known to stick on occasion, and the driver's side door could open without the latch being lifted. Nolan Cromer's blood-alcohol concentration was subsequently found to be .14 grams. After the collision, Hodges stood beside Cromer's motionless body in the roadway and tried to warn oncoming motorists. Norika Wyatt approached from the south, passed the scene, and pulled over. The evidence is in conflict as to whether or not Wyatt's vehicle struck Cromer. A witness testified that Wyatt's vehicle was traveling "fast," but the record contains no other evidence of her rate of speed. The parties stipulated that Nolan Cromer's death resulted from injuries sustained in the course of these events.

1. Cathy Cromer enumerates as error the grant of a directed verdict to Hodges. She argues the jury should have been allowed to determine whether Hodges negligently failed to stop when she realized Nolan Cromer's vehicle was "fishtailing" and out of control.

We review the grant of a directed verdict to determine whether it was demanded by all the evidence. *Johnson v. Ellis,* 179 Ga. App. 343 (346 SE2d 119) (1986). "To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to con-

form to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' [Cit.]" *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). However, "[i]t is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." (Citation and punctuation omitted.) *Smith v. Morico*, 166 Ga. App. 737 (305 SE2d 465) (1983).

Cathy Cromer failed to establish the elements of negligence and thereby to make out a prima facie case against Hodges. Even if the jury found that Hodges negligently failed to stop when she saw Nolan Cromer's oncoming, out-of-control vehicle, no evidence shows that such a breach of duty proximately caused Nolan Cromer's injuries. The parties' pretrial stipulation that death resulted from injuries sustained in the November 12 incident does not obviate the need for proof on the issue of causation, especially in a case involving allegations of contributory negligence. Whether Nolan Cromer died from injuries sustained when he hit the pavement, or when Hodges' vehicle hit him, or if and when Wyatt's vehicle hit him is a matter that cannot be left to the jury's speculation. There was no evidentiary basis for the jury to determine the extent to which Nolan Cromer's injuries resulted from his own conduct as opposed to that of the defendants. Accordingly, the trial court correctly directed a verdict for Hodges.

2. Cathy Cromer contends a directed verdict for Wyatt was not authorized because a jury could have found her negligent even if it found Hodges was not at fault. Relying on *Fountain v. Thompson*, 252 Ga. 256, 257 (312 SE2d 788) (1984), she argues that the jury should have been allowed to determine whether Wyatt could and should have seen Nolan Cromer in the roadway in time to avoid hitting him. Moreover, she maintains conflicts in the evidence as to whether or not Wyatt's car struck her husband preclude directing a verdict for Wyatt.

"The mere existence of conflicts in the evidence does not render the direction of a verdict erroneous if it was demanded, either from proof or from lack of proof on the controlling issue or issues." *Carr v. Jacuzzi Bros.*, 133 Ga. App. 70, 74 (7) (210 SE2d 16) (1974); *Wagner v. Timms*, 158 Ga. App. 538, 539 (1) (281 SE2d 295) (1981); OCGA § 9-11-50 (a). Plaintiff's reliance on *Fountain*, supra, in which the Supreme Court held that a person "lying prone in the highway in a drunken condition . . . is owed a duty of care where he is lying in the

open on a flat road, even though undiscovered," id. at 257, begs the question at issue here. While *Fountain* involved a pedestrian who negligently fell drunk in the roadway, his negligence did not bar recovery under the circumstances of the case. Nolan Cromer, however, fell drunk into the roadway after he lost control of a car whose tires, accelerator, and driver's door latch were defective. Even if a jury could find that Nolan Cromer's conduct did not bar recovery for his death, Cathy Cromer may not recover from Wyatt without proof that her failure to see and avoid hitting Nolan Cromer in the roadway, if negligent, proximately caused his injuries. While there is evidence that Wyatt was traveling "fast" and the evidence is conflicting as to whether or not Wyatt's car struck Nolan Cromer, the record contains no proof of the extent to which his injuries resulted from Wyatt's conduct. The trial court did not err in directing a defendants' verdict.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 8, 1995 — 

*Beauchamp & Associates, Robert M. Beauchamp, Alexander R. Nemajovsky,* for appellant.

*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Charles W. Byrd,* for appellees.