## A96A0120. TAYLOR et al. v. N. I. L., INC.
### (470 SE2d 491)

ANDREWS, Judge.

After Ronald Steed was killed in an automobile accident, Taylor, the administratrix of Steed's estate, and Steed's parents sued N. I. L., Inc. (NIL), which did business as the Pic-Pac Package Store, claiming NIL is liable for Steed's death under the provisions of OCGA § 51-1-40. The plaintiffs alleged that Steed was a passenger in a car driven by David Telenko, age 20 at the time of the accident, and that the fatal accident occurred because Telenko was driving while intoxicated from consuming alcoholic beverages sold or furnished to Telenko by the NIL package store knowing that he was not of lawful drinking age and that he would soon be driving a motor vehicle. The plaintiffs appeal from the trial court's grant of summary judgment in favor of NIL.

The evidence, construed in favor of the plaintiffs as respondents to the motion for summary judgment, showed the following: It is undisputed that Telenko was 20 years old and therefore not of lawful drinking age on the date of the automobile accident. Telenko deposed that, a few hours prior to the accident, he drove to a friend's house where Steed and others were present. Earlier in the day, Steed and a

friend, neither of whom was of lawful drinking age, had driven to the NIL package store and purchased a case and a half of beer without showing any identification to verify their age. When Telenko arrived, Steed and others at the house were drinking the beer purchased from NIL. There was evidence that Telenko drank some of the beer purchased from NIL by Steed and his friend, drank three beers he purchased from another convenience store not a party to this appeal, and also drank some rum from a bottle.

Later that evening Steed and Telenko left the house in Telenko's car with Telenko driving. The accident occurred a short time later when the car went out of control and crashed into a utility pole while traveling at a high rate of speed. Steed was killed, and Telenko was seriously injured. There was evidence, including blood alcohol tests, showing that Telenko was under the influence of alcohol at the time of the accident. Although there is a dispute as to whether Telenko or Steed was driving at the time of the accident, there was evidence supporting the plaintiffs' claim that Telenko was the driver, so we assume for present purposes, without deciding, that Telenko was the driver.

The plaintiffs claim that NIL is liable for Steed's death because, at the time of the fatal accident, Telenko was driving under the influence of alcohol sold or furnished to him by NIL in violation of OCGA § 51-1-40. They make this claim under two theories. First, they claim the rum Telenko was seen drinking was illegally purchased by Telenko from the NIL package store shortly before the accident. Second, they claim that Telenko drank beer that Steed and his friend had illegally purchased from the NIL package store earlier that day. We conclude the trial court properly granted summary judgment in favor of NIL under both of these theories.

We agree with the trial court that there was no evidence to support the contention that Telenko bought the rum he drank from the NIL package store. There was absolutely no evidence showing who bought the rum or where it was bought. Telenko testified he had no idea where it came from. Evidence that Telenko and others not of legal drinking age bought alcoholic beverages from the NIL package store on other occasions and that Telenko had not been to any other store which sold rum the day of the accident amounted to no more than pure speculation that Telenko may have purchased the rum from NIL. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994); *Jiffy Store v. Bishop*, 190 Ga. App. 716, 717 (379 SE2d 602) (1989)." *Brown v. Amerson*, 220 Ga. App. 318 (469 SE2d 723) (1996).

The trial court also correctly held that evidence that Telenko

drank beer purchased earlier in the day by Steed and another under-aged friend from the NIL package store was insufficient, as a matter of law, to establish NIL's liability under OCGA § 51-1-40. Under OCGA § 51-1-40 (b), "a person who willfully, knowingly, and unlaw-fully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage." Actual knowledge is not required under the statute. "If one in the exercise of reasonable care should have known that the re-cipient of the alcohol was a minor and would be driving soon, he or she will be deemed to have knowledge of that fact." *Riley v. H & H Operations*, 263 Ga. 652, 655 (436 SE2d 659) (1993).

The plaintiffs contend that NIL is liable under the statute be-cause it knew or should have known that the purchasers, Steed and his friend, were not of legal drinking age, and it was foreseeable they would later share the alcoholic beverages with others not of legal drinking age, like Telenko, who would soon drive a motor vehicle. It is undisputed that Telenko was not with Steed and his friend when they purchased the beer from the NIL package store, and there is no evidence otherwise connecting Telenko, directly or indirectly, to the actual purchase of the alcoholic beverages from NIL by Steed and his friend. Accordingly, there is no evidence that, when NIL sold the beer to Steed and his friend, it sold or furnished beer to Telenko knowing he was a person not of legal drinking age and knowing he would soon be driving a motor vehicle. Although there may be circumstances by which a person, by indirect means, knowingly sells, furnishes or serves alcoholic beverages to an underaged person knowing such per-son will soon be driving a motor vehicle in violation of OCGA § 51-1-40, this is not such a case. The statute requires that the seller have knowledge of the underaged person to whom the alcoholic beverages are sold, furnished or served and knowledge that such person will soon be driving a motor vehicle. Even if NIL sold the beer to Steed and his friend knowing they were not of lawful drinking age, there is no evidence that Telenko was connected to the sale in a manner such that NIL knew or should have known it was selling or furnishing beer to Telenko and knew he was not of lawful drinking age and would soon be driving a motor vehicle. Evidence showing only that Telenko later drank beer unlawfully sold by NIL to the other under-aged purchasers earlier in the day and then drove a motor vehicle in the fatal accident while under the influence of the beer is not suffi-cient to establish NIL's liability under OCGA § 51-1-40.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 3, 1996.

*Phears & Moldovan, H. Wayne Phears, Albert L. Norton, Jr., Richard E. Harris*, for appellants.

*Butler & MacDougald, Daniel MacDougald III*, for appellee.