S96G0657. ALEXANDER v. GENERAL MOTORS CORPORATION.
(478 SE2d 123)

BENHAM, Chief Justice.

Alexander was injured while driving in Virginia when the driver's seat of his General Motors vehicle, purchased new in Georgia, failed in a collision and caused him to be ejected from the vehicle. He sued General Motors in Georgia under a strict liability theory. The trial court granted partial summary judgment to General Motors, ruling that because the injuries occurred in Virginia, that state's substantive law would be applied. Because there is no strict liability action under Virginia law, the trial court dismissed those claims and permitted Alexander to amend the complaint to state a claim based on negligence under Virginia law. The Court of Appeals affirmed that judgment, concluding that since Virginia products liability law is not radically dissimilar to Georgia law and pursues similar public policy by different methods, it does not contravene Georgia public policy, and the "public policy" exception to the rule of lex loci delicti does not apply.[1] We granted Alexander's petition for certiorari to consider whether, since Virginia does not recognize recovery on the basis of strict liability, the application of the rule of lex loci delicti would contravene the public policy embodied in OCGA § 51-1-11. For the reasons stated below, we conclude that the rule of lex loci delicti should not be applied, and reverse the contrary decision of the Court

---

[1] *Alexander v. General Motors Corp.*, 219 Ga. App. 660 (466 SE2d 607) (1995).

of Appeals.

The opinion by the Court of Appeals correctly states the choice of law principles applicable to this case, including the public policy exception to the rule of lex loci delicti. However, the conclusion in that opinion that "Virginia products liability law is not radically dissimilar to Georgia law but rather pursues a similar public policy by somewhat different methods," misses the crucial point that Georgia's public policy of shifting to manufacturers the burden of loss caused by defective products is effectuated by precisely those "somewhat different methods."

As is pointed out in the majority opinion of the Court of Appeals, Virginia does not recognize a claim for strict liability in tort in products liability actions. See also *Harris v. T. I., Inc.*, 243 Va. 63 (413 SE2d 605) (1992). Instead, Virginia continues to rely on warranty law and negligence principles. *Abbot v. American Cyanamid Co.*, 844 F2d 1108, 1114 (4th Cir. 1988). In a claim for breach of an implied warranty of merchantability, which the majority opinion of the Court of Appeals describes as Virginia's "functional equivalent" to strict liability, Virginia law requires one injured by an allegedly defective product to notify the manufacturer of the breach of implied warranty within a reasonable time. *Hebron v. American Isuzu Motors*, 60 F3d 1095 (4th Cir. 1995). In Georgia, however, OCGA § 51-1-11 imposes strict liability in tort without requiring any similar notification. A claim in negligence in a Virginia products liability case differs from a strict liability claim in Georgia in that the latter eliminates questions of negligence and the usual defenses to negligence. *Ford Motor Co. v. Carter*, 239 Ga. 657 (238 SE2d 361) (1977). This comparison demonstrates that Virginia law and Georgia law are radically dissimilar in terms of the burden placed on persons seeking recompense for injuries caused by defective products.

The present case is an excellent example of how the differences in method affect the substantive result. Applying Virginia law, the trial court not only dismissed the strict liability claim because Virginia law does not provide for it, but by relegating Alexander to an action based only on negligence, foreclosed pursuit of any warranty claim. Such a result is antithetical to the policy of which OCGA § 51-1-11 is an expression:

> The manufacturer is made liable for a new product that is defective when it leaves his hands and is the proximate cause of injury. Reasonable care in inspecting, designing and manufacturing a product is not a defense because the language creating the tortious misconduct is manufacturing a defective product, and this high burden of care is demanded to safeguard the life and person from injury as a matter of

public policy. [Cit.]

*Ford Motor Co. v. Carter*, 141 Ga. App. 371 (2) (233 SE2d 444) (1977). Because Virginia law would place Alexander in exactly the position from which OCGA § 51-1-11 was intended to protect those who are injured by defective products placed in the stream of commerce in this state, we conclude that it is contrary to the public policy of this state as expressed in that statute. Accordingly, Alexander is entitled to have Georgia law applied to his claims against General Motors. See *Karimi v. Crowley*, 172 Ga. App. 761, 762 (324 SE2d 583) (1984). The decision of the Court of Appeals must, therefore, be reversed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED NOVEMBER 25, 1996.

Kenneth F. Dunham, Dovre C. Jensen, Margaret N. Paton, L. Lynn Hogue, for appellant.

Lord, Bissell & Brook, Terry R. Howell, Corliss L. Worford, for appellee.