A97A2272. TUGGLE et al. v. HELMS et al.
(499 SE2d 365)

SMITH, Judge.

Angela Helms, Deborah Helms, and Donald Helms (the "Helmses") filed this negligence action against Andrea Leigh Tuggle, Roger Tuggle, and Phyllis Tuggle (the "Tuggles") to recover damages for injuries Angela Helms received in an automobile accident when she was a passenger in a car driven by Andrea Tuggle. The trial court denied the Tuggles' motion for summary judgment, and this appeal follows our grant of their application for interlocutory review of the trial court's order. Because we conclude that the record is devoid of any competent evidence that the automobile accident was caused by any negligent act or omission of Andrea Tuggle, we reverse the denial of the Tuggles' motion.

The record shows that in the early evening hours of April 16,

1993, Andrea Tuggle drove her two teen-age friends, Angela Helms and Shanda Walker, from the State Line Skating Rink in Bowden, Georgia, to visit another friend who lived in Alabama. After visiting for approximately a half-hour, the three girls were in Alabama en route back to the skating rink when Andrea Tuggle lost control of her vehicle. The girls, who were not wearing seatbelts, were thrown from the vehicle, resulting in serious injuries to Angela Helms and Shanda Walker's death.

Neither Angela Helms nor Andrea Tuggle can remember what happened just prior to the collision. The last thing Angela Helms can recall about the evening was being at their friend's house in Alabama. She acknowledged in her deposition that she could not provide any explanation as to how the accident occurred or any description of Andrea Tuggle's manner of driving on the way back from their friend's house, although she did state that, in the past, she had ridden around with Andrea Tuggle and thought "she drove kind of fast." She could not remember, however, ever having to tell Andrea Tuggle to slow down because she was driving too fast to be safe.

Andrea Tuggle recalled a few more details than Angela Helms. She testified in her deposition that she remembered that the radio was on; that it was a clear day; that there was no traffic; that her parking lights were on, although her headlights were not yet turned on because it was still dusk; and that she was not doing anything in the car other than driving. She had no idea at what speed the car was traveling, and although she acknowledged that the vehicle could have been moving at 45, 55, or 65 mph, she did not think she would have driven in excess of the speed limit. She did not recall seeing a curve sign on the road just before the accident occurred, but she admitted she probably would have "slowed down a lot slower" if she had seen such a sign.[1] She did remember that just prior to the accident, her car was "caught up in" some gravel on the road, although she did not remember if the car slid. None of the girls was drinking alcohol, and Andrea Tuggle did not take any medication that would have affected her driving. She was not prone to seizures, fainting spells, or dizziness, and she had never been cited for a traffic violation.

In their motion below, the Tuggles argued they were entitled to summary judgment because under Alabama's guest statute, a passenger who is a guest in a driver's vehicle cannot maintain a cause of action against the driver unless the driver's conduct is wilful or wanton. Because there was no such evidence of wilfulness or wanton-

---

[1] We cannot determine from the record whether or not a curve sign was located on this road at the time of the accident.

ness in this case, the Tuggles argued, the Helmses were precluded from recovery as a matter of law. The Tuggles further contended that because the Alabama Supreme Court has rejected the family purpose doctrine, Roger and Phyllis Tuggle also were entitled to summary judgment as a matter of law. Finally, the Tuggles contended that even if Georgia law, rather than Alabama law, applied, the Tuggles were entitled to summary judgment because no evidence was presented showing that this automobile accident and Angela Helms's injuries resulted from any act or omission on Andrea Tuggle's part.

In their response to the Tuggles' motion, the Helmses asserted that even though the accident occurred in Alabama, Georgia's choice of law rules mandate that Georgia substantive law govern because Georgia's interest in this case is superior to that of Alabama. Moreover, because Alabama has rejected the family purpose doctrine and adopted a stricter standard of negligence for automobile guests, Alabama law is contrary to the policy and interests of this state and should not be enforced in Georgia. The Helmses also argued that summary judgment was improper because numerous factual questions remain to be determined regarding Andrea Tuggle's negligence using the ordinary negligence standard mandated by Georgia law.

In its order denying the Tuggles' motion, the trial court ruled that applying Alabama law would contravene public policy in this case because Alabama's guest statute and rejection of the family purpose doctrine would bar the Helmses from a recovery. Applying Georgia substantive law, it went on to rule that the Tuggles were not entitled to summary judgment because it appeared that genuine issues of liability remained for determination by a jury.

1. We need not decide the choice of law issues raised in this appeal because the Helmses are precluded from recovering against the Tuggles under both Georgia and Alabama law.

2. Assuming without deciding that Georgia substantive law governs this case, as alleged by the Helmses and decided by the trial court, we find the trial court erred in denying the Tuggles' motion for summary judgment.

"To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). However, it is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant

unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." (Citations and punctuation omitted.) *Cromer v. Hodges*, 216 Ga. App. 548 (1) (455 SE2d 94) (1995). This means that a plaintiff cannot rest on generalized allegations, but must come forward with specific facts establishing negligence. *Harrison v. Golden*, 219 Ga. App. 772, 774 (2) (a) (466 SE2d 890) (1995).

We find that the Helmses have failed to meet their burden of proof in this case because they have failed to establish essential elements of their case against the Tuggles: breach of duty and causation. The record is devoid of any facts to support their generalized allegations that Angela Helms's injuries were proximately caused by a breach of duty on Andrea Tuggle's part.

The depositions of Andrea Tuggle and Angela Helms are the only evidence produced by the Helmses in opposition to the Tuggles' motion for summary judgment.[2] Andrea Tuggle testified in her deposition that she did not know what speed she was driving at the time of the accident, but she did not think she was driving in excess of the speed limit. She further testified that she had not been drinking and had not taken any medication that would have affected her driving, that her parking lights were on, that there was no traffic, and that she was not doing anything in the car but driving.

Angela Helms's testimony did not rebut Andrea Tuggle's testimony, because Angela Helms had no recollection of any events immediately preceding the accident. Although she stated in her deposition that she had ridden with Andrea Tuggle several times in the past and thought she drove "kind of fast," this testimony amounted to no more than pure speculation that Andrea Tuggle was driving too fast on the night in question. See, e.g., *Taylor v. N.I.L., Inc.*, 221 Ga. App. 99, 100 (470 SE2d 491) (1996) (negligence on another occasion not evidence of negligence on particular occasion).

Further, Andrea Tuggle's acknowledgment that she could have been driving 45, 55, or 65 mph amounts to no more than pure speculation that she was, in fact, driving too fast at the time of the accident, and an argument from this inconclusive testimony that excessive speed was the actual cause of this accident also is pure speculation. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. [Cits.]" *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). A plaintiff "must introduce evidence which affords a reasonable basis for the conclusion that it is

---

[2] The record contains no other evidence pertaining to this accident such as expert affidavits, police reports, photographs, or statements of witnesses arriving at the scene after the accident.

more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." (Punctuation omitted.) *Niles v. Bd. of Regents &c. of Ga.*, 222 Ga. App. 59, 61 (2) (473 SE2d 173) (1996). Finally, the fact that the girls were not wearing seatbelts cannot be used in court to establish negligence. See, e.g., OCGA § 40-8-76.1 (d); *C. W. Matthews Contracting Co. v. Gover*, 263 Ga. 108, 109-110 (428 SE2d 796) (1993).

The record establishes only that Andrea Tuggle lost control of her vehicle just prior to the collision, either when her car was "caught up in" gravel or for some other, unexplained reason. We find that the establishment of this fact alone was insufficient to withstand the Tuggles' motion for summary judgment. "It is well established that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citations and punctuation omitted.) *Walker v. MARTA*, 226 Ga. App. 793, 798 (1) (487 SE2d 498) (1997). See also *Cromer*, supra at 549. Because breach of duty and causation are essential elements of a negligence claim, *Bradley Center, Inc.*, supra, we find the trial court erred in denying Andrea Tuggle's motion for summary judgment.

We also note that the Helmses' action against Roger and Phyllis Tuggle is predicated upon the family purpose car doctrine and therefore purely derivative in nature. Because the Helmses have failed to establish negligence against Andrea Tuggle, their claims against Roger and Phyllis Tuggle also must fail. See *Hughes v. Newell*, 152 Ga. App. 618, 623 (4) (263 SE2d 505) (1979).

3. Assuming without deciding that Alabama substantive law governs this case, as alleged by the Tuggles, Alabama law would require the Helmses to carry a higher burden of proof as to Andrea Tuggle's conduct.[3]

Under the Alabama guest statute, Ala. Code § 32-1-2 (1975), a guest in a car can recover for injuries sustained in an automobile accident only if there is proof that the driver of the car acted with wanton or wilful misconduct. See, e.g., *Sellers v. Sexton*, 576 S2d 172, 174 (Ala. 1991). The evidence of record demands the conclusion that Angela Helms was a "guest" within the meaning of this Code section. Andrea Tuggle received no benefit "other than hospitality, good will, or the like," when driving her friends from the skating rink to visit another friend. *Dorman v. Jackson*, 623 S2d 1056, 1057 (Ala. 1993). See also *Rogers v. Kimbrell*, 658 S2d 387, 389 (Ala. 1995). Since, as discussed in Division 2, the Helmses have failed to show any facts that could establish negligence, they also have failed to meet the

---

[3] We also note that the Alabama Supreme Court has rejected the family purpose doctrine. *Winfrey v. Austin*, 71 S2d 15 (Ala. 1954).

higher burden to demonstrate that Andrea Tuggle was operating her vehicle prior to the accident in a wanton or reckless manner. Accordingly, the Helmses cannot establish their claim against Andrea Tuggle under Alabama law. Id. at 389.

*Judgment reversed. Andrews, C. J., Birdsong, P. J., and Ruffin, J., concur. McMurray, P. J., Beasley and Eldridge, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

I agree with the majority's application of Georgia law because this state's higher driver liability standards outweigh Alabama's lower driver culpability rule, because the parties in this case are all Georgia residents, the fatal collision occurred while Georgia teenagers were briefly traveling (on an interstate road) across their home state's line, and no Alabama interest is at stake in the case sub judice. See *Alexander v. Gen. Motors Corp.*, 267 Ga. 339 (478 SE2d 123). But I cannot go along with the majority's holding that these defendants must prevail on summary judgment because the only eyewitnesses able to verify plaintiffs' claims, Angela Helms and Shanda Walker, are unavailable because of the serious injuries (respectively a state of coma as to Angela Helms and death as to Shanda Walker) they sustained in the fatal collision.

The majority's holding not only would reward the sort of wrongful conduct which destroys all direct proof of negligence, but also ignores an evidentiary maxim, res ipsa loquitur, upon which Georgia courts have long relied to avert such injustice. Res ipsa loquitur allows a jury to draw an inference of the negligence alleged and, if the requirements of the maxim are met, bars summary judgment for the defendant. From this perspective, I observe that res ipsa loquitur requires "[a] showing (1) that an injury occurred, (2) that the offending instrument was owned or wholly controlled by the defendant, (3) that the occurrence was such as ordinarily would not happen without negligence, and (4) that neither the plaintiff nor anyone else had tampered with the instrumentality causing the injury is sufficient to support an inference of negligence." (Footnotes omitted.) Green, Ga. Law of Evidence, § 39, p. 86 (4th ed. 1994). These factors are all present in the case sub judice.

It is undisputed that Angela Helms sustained serious injuries while riding as a passenger in a car which Andrea Tuggle was operating; that Angela Helms sustained these injuries during a devastating, single-car collision; that Andrea Tuggle was charged with control of her parent's car during this collision; that such devastating, single-car collisions ordinarily do not occur without negligence, and that neither plaintiffs nor anyone else tampered with the Tuggles' car before the collision. Although this proof would not compel a jury to draw an inference of negligence, I believe these circumstances would

authorize such an inference. "Whether the inference of negligence is to be drawn is for the jury to decide, provided the manner of the occurrence of the injury or the attendant circumstances are sufficient to warrant the inference." Green, Ga. Law of Evidence, § 39, p. 86, supra.

I would affirm the trial court's judgment denying defendants' motion for summary judgment.

I am authorized to state that Judge Eldridge joins in this dissent.

BEASLEY, Judge, dissenting.

The majority opinion does not decide whether Georgia law or Alabama law applies to the substantive issues in this negligence action, but the two other dissents take the position that Georgia law governs. I agree. Although the accident happened in Alabama just over the state line, there are no Alabama interests to be protected by its laws. The plaintiffs and defendants are Georgia citizens, and the car was titled and permanently located in Georgia. The purpose of the trip was determined in Georgia and was, from the perspective of those in the car, a short excursion for their pleasure. Applying the choice of law principles which were applicable in *Alexander v. Gen. Motors Corp.*, 267 Ga. 339 (478 SE2d 123) (1996), the trial court in this case correctly chose Georgia law.

I also agree with the trial court that there are genuine issues of material fact as to liability. Defendants have not shown that the evidence thus far in the record precludes their liability as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). This is not a "plain and palpable [case] where 'reasonable minds cannot differ as to the conclusion to be reached.' [Cit.]" Id. at 493. Defendants have not "demonstrate[d] by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the [plaintiffs'] case." Id. at 495.

The target element here is breach of duty, Andrea's with respect to her manner of operating the vehicle and her parents' with respect to their entrustment of the vehicle to her. As pointed out by Judge Eldridge, a driver has a statutory duty to maintain control of the vehicle and obey the Uniform Rules of the Road. Whether she breached this duty or the car left the roadway and crashed for some other reason is not developed sufficiently to conclude that the doctrine of res ipsa loquitur applies. The trial court did not rule on that subject, nor is it a theory advanced by plaintiffs in the trial court or here. It simply is not an issue for our resolution in this appeal.

ELDRIDGE, Judge, dissenting.

I concur with the majority that Georgia law applies as a matter

of choice of law for public policy reasons. I join in the dissent by Presiding Judge McMurray and write to elaborate on his analysis.

*Tolbert v. Duckworth*, 262 Ga. 622, 624 (1) (423 SE2d 229) (1992) abolished the legal defense in Georgia of "legal accident." The Supreme Court held that "[t]he defense of inevitable accident 'is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury.' [Cits.]" Id. at 623-624.

The Uniform Rules of the Road require that a driver maintain and control the vehicle within the lane and not run off the roadway. OCGA §§ 40-6-40; 40-6-41; 40-6-48; 40-6-272. Thus, to lose control of a vehicle and run a vehicle under the defendant's control off the roadway at a curve and to strike a fixed object is negligence per se. See generally as to loss of control *Meacham v. Barber*, 183 Ga. App. 533, 537 (4) (359 SE2d 424) (1987); *Durden v. Collins*, 169 Ga. App. 347, 349 (4) (312 SE2d 842) (1983).

If the defendant ran a vehicle under her exclusive control off the road at a curve without the negligence of another, then such evidence gives rise to an inference of fact that a jury may draw of evidence of negligence per se on the part of the defendant, because drivers do not run off the road absent the negligence of someone, i.e., the driver, passenger, another driver, someone who spills a substance on the road, or the designer and maintainer of the road. See generally as to the doctrine *DeVane v. Smith*, 154 Ga. App. 442 444-445 (2) (268 SE2d 711) (1980); *Wimpy v. Rogers*, 58 Ga. App. 67 (4) (197 SE 656) (1938); *Ga. Power Co. v. Stonecypher*, 47 Ga. App. 386 (170 SE 530) (1933). This is res ipsa loquitur. OCGA § 24-4-9. Where the facts would permit a jury to infer the existence of evidence under res ipsa loquitur, it is error to grant a motion for summary judgment. *Dawson v. American Heritage Life Ins. Co.*, 121 Ga. App. 266 (173 SE2d 424) (1970).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED MARCH 19, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998

*Downey & Cleveland, Russell B. Davis, Tara M. Waller*, for appellants.

*Jack F. Witcher, David L. Smith, Joel R. Cope*, for appellees.