A99A2057. VAUGHAN et al. v. GLYMPH.
(526 SE2d 357)

ELDRIDGE, Judge.

Sherry and Glenn Vaughan sued individual defendants Gary Dulin and Clarence Glymph for injuries received in a February 1996 automobile collision in DeKalb County. In this appeal, the Vaughans challenge the trial court's grant of summary judgment to Glymph.[1] Finding that factual issues exist as to whether Glymph was negligent and whether such negligence proximately caused the collision, this Court reverses the grant of summary judgment.

Viewed in the light most favorable to the Vaughans, as non-movants,[2] the facts show that, at approximately 9:00 a.m. on Febru-

---

[1] Dulin is not a party to this appeal.
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

ary 3, 1996, the Vaughans were traveling southbound in the far right lane of South Hairston Road in DeKalb County. South Hairston Road has four lanes, two in each direction, which are divided by a grassy median. Glymph was driving northbound in the right-hand lane, and Dulin was traveling behind Glymph.

At his deposition, Glymph stated that it was snowing and the road was icy that morning. As Glymph approached the intersection of South Hairston Road and Stalter Road, he activated his turn signal, braked, and began turning right onto Stalter Road. However, according to Glymph, as he slowed down,

> the tail end of my truck slid over some into the — into the other lane. And as I glanced ahead, I mean, I couldn't help but see [the accident] because his car, Mr. Dulin's car, came shooting past me. And I saw him go down the hill, and he crossed over the median. And at that time I saw the [Vaughans'] car coming up the hill. And, you know, he made effort to try to avoid him, but the ice, the way it was out there was really not a lot of control, as far as controlling the car. And they collided together.

Glymph further explained that his truck had "fishtailed" into approximately one-fourth of the left-hand lane after he hit a patch of ice and just before Dulin attempted to pass him.

According to Glymph's deposition, after Dulin "came zooming past" him, Glymph pulled his car over and witnessed the head-on collision between Dulin and the Vaughans. Glymph approached the scene of the collision and checked to see if anyone had been injured. At that time, Dulin told Glymph that he had tried to go around Glymph's truck after seeing it fishtail into the left-hand lane. Dulin repeated this contention in both a pre-trial order[3] and an affidavit.

The incident happened so quickly, however, that the Vaughans were unable to discern exactly what happened. Their first indication of trouble occurred moments before impact, when they saw Dulin careening out of control in their direction. As such, they were unable to provide information at their deposition that directly implicated Glymph in the incident. But while Dulin and Glymph claim that icy patches caused them to temporarily lose control of their vehicles, the Vaughans denied that ice was on the roadway.

The Vaughans filed suit against Dulin in Clayton County Superior Court on September 3, 1996. After conducting some discovery, the Vaughans moved to add Glymph as a defendant. Once Glymph was added, the Vaughans amended their complaint to include the

---

[3] The pre-trial order was entered before Glymph was added as a defendant.

assertion that Glymph was jointly and severally liable for allowing his vehicle to move into the pathway of Dulin's car.

Glymph moved for summary judgment, claiming that the Vaughans were unable to present any evidence that he was negligent. After conducting a hearing,[4] the trial court granted Glymph's motion. The Vaughans appeal. *Held*:

The Vaughans assert that the trial court erred in concluding that no genuine issue of material fact existed as to Glymph's negligence and that he was, therefore, entitled to summary judgment. Because we find that jury issues exist both as to whether Glymph was negligent and whether such negligence was a proximate cause of the collision, we reverse the trial court's judgment.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). If the defendant, as movant, is able to make such showing, then the burden shifts to the nonmovant to produce evidence giving rise to a triable issue or suffer summary judgment. Id.; OCGA § 9-11-56 (e).

In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury. *Tuggle v. Helms*, 231 Ga. App. 899, 901 (2) (499 SE2d 365) (1998). As to the issue of legal duty, "[t]he Uniform Rules of the Road require that a driver maintain and control the vehicle within the lane and not run off the roadway. OCGA §§ 40-6-40; 40-6-41; 40-6-48; 40-6-272." Id. at 906 (Eldridge, J., dissenting). The failure to maintain such control may be negligence per se. Id.; see also OCGA § 51-1-2. However, even without such statutory duty, issues of negligence and causation generally are not appropriate for summary adjudication unless the evidence is plain, palpable, and undisputable. *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (493 SE2d 403) (1997). This is not such a case.

Glymph is unable to demonstrate that no jury issues exist as to negligence or causation because his *own* admissions, combined with

---

[4] The hearing was not transcribed.

Dulin's allegations, *raise* jury issues as to these essential elements of the Vaughans' claim. For example, Glymph admitted that it was snowing and the roads were icy in February 1996 as he drove his truck along South Hairston Road. He acknowledged that his truck "fishtailed" a few feet into the left-hand lane as he attempted to make a right-hand turn. Glymph also admitted that Dulin lost control of his vehicle when Dulin attempted to pass him in the left-hand lane.

A jury could infer from these facts that Glymph was traveling too fast for conditions, i.e., based on the weather conditions, the existing traffic, and the fact that he was approaching an intersection, or that he was otherwise negligent. See OCGA § 40-6-180. Since Glymph failed to make the requisite showing on his summary judgment motion, the burden to present *additional* evidence never shifted to the Vaughans, as nonmovants. Therefore, the fact that this incident happened so quickly that the Vaughans were unable to ascertain exactly what happened does not preclude them from surviving a motion for summary judgment.

As such, this case is clearly distinguishable from that relied upon by the trial court. In finding that there was no jury issue as to Glymph's negligence, the trial court based its decision on *Tuggle v. Helms,* supra. *Tuggle v. Helms* involved an incident which occurred on a clear April evening at dusk, when an automobile left the road and crashed, killing one teenager and severely injuring another. Id. at 900. A third teenager, the driver, denied that she was speeding or otherwise negligent in the operation of her vehicle. Id. at 902. The injured teenager remembered nothing about the incident, and there were no other witnesses. Id. at 900. In a 4-3 decision, this Court ruled that the driver was entitled to summary judgment because the plaintiffs were unable to present any evidence to rebut the driver's testimony. Id.

In contrast, this Court finds that Glymph was not entitled to summary judgment because he failed to demonstrate the absence of a jury issue as to whether he was negligent when he lost control of his vehicle. There is also a jury issue as to whether Glymph's fishtailing caused Dulin to lose control of his vehicle and collide with the Vaughans' car. Accordingly, the trial court erred in granting summary judgment to Glymph.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 24, 1999 —
RECONSIDERATION DENIED DECEMBER 8, 1999 — 

*Gladys H. Pollard,* for appellants.

*Harper, Waldon & Craig, Hilliard V. Castilla, Downey & Cleveland, Russell B. Davis, Sean L. Hynes,* for appellee.