## A03A2004. DAWKINS v. DOE.
### (589 SE2d 303)

ELDRIDGE, Judge.

Appellant-plaintiff Andrew Dawkins, Sr., father of Caesar Shelton Dawkins, deceased, appeals from the Superior Court of Coweta County's grant of summary judgment for appellee-defendant John Doe, an alleged hit and run driver, upon the appellant's complaint for his son's wrongful death, as amended.[1] State Farm Mutual Automobile Insurance Company, the uninsured motorist carrier of decedent's mother,[2] timely answered and counterclaimed for any lia-

---

[1] Upon leave of court, appellant amended his complaint to add as a party-plaintiff Theora Powell, administrator of the estate of Caesar Shelton Dawkins, and to include claims on the estate's behalf for pain and suffering in the decedent and funeral expenses.

[2] As a resident relative of the named insured, the decedent was an insured person under the named insured's UM coverage. OCGA § 33-7-11 (b) (1) (B); *White v. Metro. Property &c. Ins. Co.*, 266 Ga. 371, 373 (467 SE2d 332) (1996). The John Doe vehicle in issue is deemed "uninsured" because the owner or operator of the vehicle is unknown. OCGA § 33-7-11 (b) (2). And to recover uninsured motorist insurance benefits in a "John Doe" action, the

bility in the John Doe driver, if uninsured, thereafter filing its motion for summary judgment. Because the appellant has produced neither evidence showing that the John Doe driver was negligent nor evidence showing that such driver was the proximate cause of the decedent's death, we affirm.

The evidence shows that at approximately 7:00 a.m. on December 20, 1997, decedent's body was found on the side of Interstate 85 North, approximately one mile south of Exit 10 in Coweta County. His car was located out of gas on the southbound shoulder of I-85. Appellant alleged that a vehicle driven by John Doe struck the decedent as he was walking for assistance in or near the paved shoulder of the road or emergency lane.[3] It was then dark. The weather was foggy, and the decedent was dressed in green. *Held*:

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only show that no evidence supports at least one essential element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

> To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

*Phillips v. South West Mechanical Contractors*, 254 Ga. App. 144, 145 (1) (561 SE2d 471) (2002); *Berry v. Hamilton*, 246 Ga. App. 608-609

---

insured, or person acting on his behalf (in a wrongful death action, as here, a person acting on behalf of the decedent claimant), must give immediate notice of the accident to the local police department under OCGA § 40-6-273.

[3] Although not defined in the Georgia Code, it is settled in our case law that the emergency lane is that portion of the paved highway that is separated from the roadway by the solid white side lines which mark the roadway's borders. *Payne v. State*, 275 Ga. 181, 184 (2) (563 SE2d 844) (2002), citing *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638 (519 SE2d 722) (1999) (truck parked four to five feet to the right of the white fog line, well inside the emergency shoulder and off the roadway); *State v. Holcomb*, 219 Ga. App. 231, 232 (464 SE2d 651) (1995) (defendant crossed over the "solid white line to his right into the emergency lane").

(541 SE2d 428) (2000); *Tuggle v. Helms*, 231 Ga. App. 899, 901 (499 SE2d 365) (1998). That an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence. *Berry v. Hamilton*, supra at 609; *Cromer v. Hodges*, 216 Ga. App. 548 (455 SE2d 94) (1995).

Appellant's claims to the contrary notwithstanding, there is no evidence of negligence in the instant circumstances. Even were the contrary true, there is no evidence attributing the same to the John Doe driver in this case.

Pertinently, the lead investigator at the accident scene, State Trooper David L. James, deposed that the decedent was struck while walking in a travel lane of I-85 North. He further deposed that there was no basis to issue any citation or to attribute any fault to the John Doe driver, inclusive of failure to maintain lane, driving under the influence, and second degree vehicular homicide. Pointing to affidavit and deposition testimony of the Georgia Bureau of Investigation crime scene specialist assisting in the accident investigation, Special Agent Lanny Cox, the appellant argues that a jury question exists as to whether the John Doe driver breached a duty of care owed to the decedent by striking him while walking in the outer emergency lane of I-85, this because the only physical evidence found at the accident scene (a headlight cover, a turn signal cover, and parts of a rearview mirror) was found outside and to the right of the northbound travel lanes of I-85. The sum of Agent Cox's testimony, however, was that he could not determine where the decedent had been struck and that the physical evidence which had been collected was inconclusive as to the actions or omissions of the John Doe driver.

Pertinently, by affidavit Agent Cox variously testified that the decedent had been hit "at or near the roadway"; that he had been "struck while walking on the shoulder of the road"; and that "the evidence would be consistent with [the decedent] being struck while he was walking in the travel lanes of Interstate 85." This testimony in part as internally in conflict, in effect, expresses not where the decedent was struck, but where he might have been struck, i.e., on, beyond, or in between the traffic lanes in issue. Nearly a year later, Agent Cox testified unequivocally that he could not determine where the decedent had been struck, further testifying that he believed his deposition testimony to be consistent with his testimony as an affiant. As to the automobile parts found at the crime scene, Agent Cox deposed that he had no evidence showing that these made any contact with the decedent, thus failing to link the John Doe driver to the decedent on this account.

There here is no evidence of negligence in the John Doe driver, and appellant's causation evidence is not more than circumstantial.

Even were the contrary true, "[w]hen a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions. [Cits.]" *Page v. Atlanta Center*, 219 Ga. App. 422, 424 (465 SE2d 456) (1995). The circumstantial evidence must be sufficient to raise a reasonable inference that the John Doe driver's negligence caused the decedent's death. "If [circumstantial evidence] raises only a mere conjecture as to how [the decedent] died, there can be no recovery." *Berry v. Hamilton*, supra at 610. The circumstantial evidence of record as to causation as not more than conjecture, there likewise is no evidence of causation in the instant case. Accordingly, summary judgment for State Farm was proper on these grounds.

2. Neither did the superior court err for finding the decedent's negligence was the sole proximate cause of his death. A pedestrian using the public highways is not bound to be continually looking for approaching cars. However, if the pedestrian fails to do so and is injured, the automobile driver having used reasonable care to avoid the pedestrian, it must be conclusively presumed that the pedestrian was negligent. *Eubanks v. Mullis*, 51 Ga. App. 728, 730 (181 SE 604) (1935). There is no evidence that the John Doe driver failed to exercise reasonable care in this case, and though the decedent's death was tragic, the superior court properly concluded that the decedent's negligence alone caused his death.

We recognize that negligence and causation are generally issues for the jury. *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999); however, when evidence is plain, palpable, and indisputable, summary adjudication is appropriate. Id. This is such a case.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 22, 2003.

*Deming, Parker, Hoffman, Green & Campbell, James R. Green, Jr., Shaker & Snell, Beverly R. Snell*, for appellant.

*Harper, Waldon & Craig, Russell D. Waldon, Trevor G. Hiestand*, for appellee.